UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

State Farm Mutual Automobile Insurance Company
and State Farm Fire and Casualty Company,

                  Plaintiffs,

Jules Parisien, M.D., Luqman Dabiri, M.D.,
Ksenia Pavlova, D.O., Noel Blackman, M.D.,
Frances Lacina, D.O., Allay Medical Services, P.C.,
FJL Medical Services P.C., JFL Medical Care P.C.,
JPF Medical Services, P.C., KP Medical Care P.C.,
PFJ Medical Care P.C., RA Medical Services P.C.,
Darren Mollo, D.C., Darren Mollo D.C., P.C.,
ACH Chiropractic, P.C., Energy Chiropractic, P.C.,
Island Life Chiropractic Pain Care, PLLC,
Charles Deng, L.A.c., Charles Deng Acupuncture, P.C.,
David Mariano, P.T., MSB Physical Therapy P.C.,
Maiga Products Corporation, Madison Products of
USA, Inc., Quality Custom Medical Supply, Inc.,
Quality Health Supply Corp., Personal Home Care
Products Corp., and AB Quality Health Supply Corp.,

                  Defendants.

-------------------------------------------------------------------x

**Case No.: 18-cv-289 (ILG)(ST)**

**DEFENDANT
MAIGA PRODUCTS
CORPORATION'S ANSWER
TO AMENDED COMPLAINT**

      Defendant, Maiga Products Corporation ("Maiga" or "Defendant"), by and through its

attorney Fisher & Fisher, LLC, Andrew S. Fisher, of counsel, as and for its Answer to the

Plaintiffs' Amended Complaint ("Complaint") dated January 19, 2018, sets forth as follows:

      1.      Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 1 of the Complaint, except to the extent said allegations refer to the Defendant, to

which extent they are hereby denied.

      2.      Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 2 of the Complaint, except to the extent said allegations refer to the Defendant, to

which extent they are hereby denied.

      3.      Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 3 of the Complaint, except to the extent said allegations refer to the Defendant, to

which extent they are hereby denied.

4.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

5.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

6.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 6 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

7.      Neither admits nor denies the allegations contained in Paragraph 7 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein.

8.      Neither admits nor denies the allegations contained in Paragraph 8 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein

9.      Neither admits nor denies the allegations contained in Paragraph 9 of the Complaint but refers this allegation to the Court for its determination of the laws cited therein.

10.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint.

11.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint.

12.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13.      Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint.

14.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 14 of the Complaint.

15.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

16.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint.

17.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint.

18.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint.

21.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint.

24.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint.

25.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 25 of the Complaint.

26.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 26 of the Complaint.

27.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint.

28.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint.

29.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint.

30.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 30 of the Complaint.

31.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint.

32.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint.

33.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 33 of the Complaint.

34.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 34 of the Complaint.

35.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 35 of the Complaint.

36.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint.

37.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint.

38.     Admit the allegations in Paragraph 38 of the Complaint.

39.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint.

40.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint.

41.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint.

42.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 42 of the Complaint.

43.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 43 of the Complaint.

44.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

46.     The allegations in Paragraph 46 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

47.     The allegations in Paragraph 47 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

48.     The allegations in Paragraph 48 of the Complaint state legal conclusions or purport to interpret The New York State Insurance Law and other related laws, statutes and

regulations, as such Defendant neither admits nor denies those allegations.

49.     The allegations in Paragraph 49 of the Complaint state legal conclusions or purport to interpret The Education Law and other related laws, statutes and regulations, as such Defendant neither admits nor denies those allegations.

50.     The allegations in Paragraph 50 of the Complaint state legal conclusions or purport to interpret The New York State Insurance Law and other related laws, statutes and regulations, as such Defendant neither admits nor denies those allegations.

51.     The allegations in Paragraph 51 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

52.     The allegations in Paragraph 52 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

53.     The allegations in Paragraph 53 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations

54.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 54 of the Complaint

55.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 55 of the Complaint.

56.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 56 of the Complaint.

57.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint.

58.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint.

59.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint.

60.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

61.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 61 of the Complaint.

62.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

63.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

64.     The allegations in Paragraph 64 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

65.     The allegations in Paragraph 65 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the

characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

66.     The allegations in Paragraph 66 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

67.     The allegations in Paragraph 67 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

68.     The allegations in Paragraph 68 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

69.     The allegations in Paragraph 69 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the

characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

70.     The allegations in Paragraph 70 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

71.     The allegations in Paragraph 71 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

72.     The allegations in Paragraph 72 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

73.     The allegations in Paragraph 73 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the

characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

74.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint.

75.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 75 of the Complaint.

76.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 76 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

77.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 77 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

78.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 78 of the Complaint.

79.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 79 of the Complaint.

80.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 80 of the Complaint.

81.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 81 of the Complaint.

82.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 82 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

83.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 83 of the Complaint.

84.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 84 of the Complaint.

85.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 85 of the Complaint.

86.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 86 of the Complaint.

87.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint.

88.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 88 of the Complaint.

89.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 89 of the Complaint.

90.     The allegations in Paragraph 90 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

91.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 91 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

92.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 92 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

93.     Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 93 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

94.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 94 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

95.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 95 of the Complaint.

96.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 96 of the Complaint.

97.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 97 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

98.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 98 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

99.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint.

100.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 100 of the Complaint.

101.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 101 of the Complaint.

102.    Defendant avers that Paragraph 102 of the Complaint references Exhibit 4 to the Complaint.  As that document speaks for itself, no responsive pleading is required and refer the Court to Exhibit 4 to the Complaint.

103.    Defendant avers that Paragraph 103 of the Complaint references Exhibit 4 to the Complaint.  As that document speaks for itself, no responsive pleading is required and refer the Court to Exhibit 4 to the Complaint.

104.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 104 of the Complaint.

105.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 105 of the Complaint

106.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 106 of the Complaint.

107.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 107 of the Complaint.

108.    Defendant avers that Paragraph 108 of the Complaint references Exhibit 1 to the Complaint.  As that document speaks for itself, no responsive pleading is required and refer the Court to Exhibit 1 to the Complaint.

109.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 109 of the Complaint.

110.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 110 of the Complaint.

111.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 110 of the Complaint.

112.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 112 of the Complaint.

113.    The allegations in Paragraph 113 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional

13

medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

114.   The allegations in Paragraph 114 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

115.   The allegations in Paragraph 115 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

116.   The allegations in Paragraph 116 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

117.   The allegations in Paragraph 117 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional

medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

118.   The allegations in Paragraph 118 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

119.   The allegations in Paragraph 119 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

120.   The allegations in Paragraph 120 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

121.   The allegations in Paragraph 120 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional

medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

122.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 122 of the Complaint.

123.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 123 of the Complaint.

124.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 124 of the Complaint.

125.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 125 of the Complaint.

126.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 126 of the Complaint.

127.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 127 of the Complaint.

128.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 128 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

129.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 129 of the Complaint.

130.   The allegations in Paragraph 130 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the

characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

131.    The allegations in Paragraph 131 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

132.    The allegations in Paragraph 132 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

133.    The allegations in Paragraph 133 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

134.    The allegations in Paragraph 134 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the

characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

135.    The allegations in Paragraph 135 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

136.    The allegations in Paragraph 136 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

137.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 137 of the Complaint.

138.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 138 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

139.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 139 of the Complaint.

140.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 140 of the Complaint.

141.    The allegations in Paragraph 141 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

142.    The allegations in Paragraph 142 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

143.    The allegations in Paragraph 143 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

144.    The allegations in Paragraph 144 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

145.    The allegations in Paragraph 145 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

146.    The allegations in Paragraph 146 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

147.    The allegations in Paragraph 147 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

148.    The allegations in Paragraph 148 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

149.   The allegations in Paragraph 149 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

150.   The allegations in Paragraph 150 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

151.   The allegations in Paragraph 151 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant dispute the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

152.   The allegations in Paragraph 152 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

153.    The allegations in Paragraph 153 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admit nor deny. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

154.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 154 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

155.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 155 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

156.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 156 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

157.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 157 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

158.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 158 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

159.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 159 of the Complaint.

160.    Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 160 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

161.   Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 161 of the Complaint.

162.   The allegations in Paragraph 162 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

163.   The allegations in Paragraph 163 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

164.   The allegations in Paragraph 164 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

165.   The allegations in Paragraph 165 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional

medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

166.    The allegations in Paragraph 166 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

167.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 167 of the Complaint.

168.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 168 of the Complaint.

169.    The allegations in Paragraph 169 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

170.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 170 of the Complaint.

171.    The allegations in Paragraph 171 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional

medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

172.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 172 of the Complaint.

173.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 173 of the Complaint.

174.    The allegations in Paragraph 174 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

175.    The allegations in Paragraph 175 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

176.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 176 of the Complaint.

177.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 177 of the Complaint.

178.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 178 of the Complaint.

179.     The allegations in Paragraph 179 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

180.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 180 of the Complaint.

181.     Defendant avers that Paragraph 181 of the Complaint references Exhibit 17 to the Complaint.  As that document speaks for itself, no responsive pleading is required and refer the Court to Exhibit 17 to the Complaint.

182.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 182 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

183.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 183 of the Complaint.

184.     The allegations in Paragraph 184 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

185.    The allegations in Paragraph 185 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

186.    The allegations in Paragraph 186 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

187.    The allegations in Paragraph 187 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

188.    The allegations in Paragraph 188 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

189.    The allegations in Paragraph 189 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

190.    The allegations in Paragraph 190 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

191.    The allegations in Paragraph 191 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

192.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 192 of the Complaint.

193.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 193 of the Complaint.

194.    Defendant aver that Paragraph 194 of the Complaint references Exhibit 18 to the Complaint.  As that document speaks for itself, no responsive pleading is required and refer the

Court to Exhibit 18 to the Complaint.

195.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 195 of the Complaint.

196.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 196 of the Complaint.

197.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 197 of the Complaint.

198.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 198 of the Complaint.

199.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 199 of the Complaint.

200.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 200 of the Complaint.

201.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 201 of the Complaint.

202.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 202 of the Complaint.

203.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 203 of the Complaint.

204.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 204 of the Complaint.

205.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 205 of the Complaint.

206.    Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 206 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

207. The allegations in Paragraph 207 of the Complaint purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendant neither admits nor denies. Defendant disputes the characterizations attributed to said principles and/or policies in this Paragraph, which are not properly plead in accordance with Federal Rule of Civil Procedure 8(a), and refer same to the trier of fact following expert testimony at trial of this action.

208. The allegations in Paragraph 208 of the Complaint state legal conclusions or purport to interpret the "no fault" statute and regulations, as such Defendant neither admits nor denies those allegations.

209. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 209 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

210. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 210 of the Complaint.

211. Defendant avers that Paragraph 211 of the Complaint references Exhibits 20, 21, 22 and 23 to the Complaint. As those documents speak for themselves, no responsive pleading is required and refers the Court to Exhibits 20, 21, 22 and 23 to the Complaint.

212. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 212 of the Complaint.

213. Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 213 of the Complaint.

214. Defendant aver that Paragraph 214 of the Complaint references Exhibit 8 to the

Complaint.  As that document speaks for itself, no responsive pleading is required and refer the Court to Exhibit 8 to the Complaint.

215.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 215 of the Complaint.

216.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 216 of the Complaint.

217.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 217 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

218.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 218 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

219.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 219 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

220.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 220 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

221.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 221 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

222.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 222 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

223.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 223 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

224.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 224 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

225.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 225 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

226.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 226 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

227.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 227 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

228.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 228 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

229.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 229 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

230.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 230 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

231.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 231 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

232.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 232 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

233.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 233 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

234.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 234 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

235.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 235 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

236.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 236 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

237.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 237 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

238.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 238 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

239.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 239 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

240.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 240 of the Complaint.

241.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 241 of the Complaint.

242.     Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendant's Answer with the same force and effect as if fully set forth at length herein.

243.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 243 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

244.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 244 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

245.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 245 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

246.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 246 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

247.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 247 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

248.     Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendant's Answer with the same force and effect as if fully set forth at length herein.

249.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 249 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

250.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 250 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

251.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 251 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

252.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 252 of the Complaint.

253.     Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendant's Answer with the same force and effect as if fully set forth at length herein.

254.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 254 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

255.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 255 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

256.     Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 256 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

257.    Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendant's Answer with the same force and effect as if fully set forth at length herein.

258.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 258 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

259.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 259 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

260.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 260 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

261.    Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendants' Answer with the same force and effect as if fully set forth at length herein.

262.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 262 of the Complaint.

263.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 263 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

264.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 264 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

265.    Defendant repeats and realleges the answers set forth in all prior Paragraphs of the Defendant's Answer with the same force and effect as if fully set forth at length herein.

266.    Denies knowledge and information sufficient to form a belief as to the allegations

in Paragraph 266 of the Complaint.

267.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 267 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

268.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 268 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

269.    Denies knowledge and information sufficient to form a belief as to the allegations in Paragraph 269 of the Complaint, except to the extent said allegations refer to the Defendant, to which extent they are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRAMTIVE DEFENSE

The Plaintiffs' Complaint is barred by the Statute of Limitation or otherwise untimely under New York No-fault Insurance Regulations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of *res judicata*.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of claim preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred by the doctrine of issue preclusion.

## NINENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery for lack of privity.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery as they have failed to satisfy a necessary jurisdictional prerequisite.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' are barred from recovery by the doctrine of offer and compromise.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to a failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead its claims of fraud with the requisite particularity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the *in pari delicto* doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by prior actions pending.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek declaratory judgment are subject to Defendant' right to arbitrate pursuant to the Federal Arbitration Act and New York law, which right Defendant hereby demand.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by a lack of reasonable and/or justifiable reliance.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of, and public policy favoring, finality of settlements.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek declaratory judgment, to the extent such request for relief is based upon allegations of fraudulent incorporation, are barred by Plaintiffs' failure to timely raise them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent Plaintiffs suffered any injury or incurred any damages as alleged in the Complaint, which Defendant deny, any such injury or damage was caused, in whole or in part, by intervening or superseding events, factors, occurrences, conditions or acts, over which Defendant had no control, or through acts or omissions on the part of Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they seek relief based upon allegations of fee-splitting, as such is not a proper basis for denial of payment of claims for reimbursement of services performed pursuant to New York No-Fault Law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed and refused to avail itself of the New York State Courts to vacate or otherwise challenge settlements or judgments which arose from New York State Court

proceedings, and are therefore precluded from seeking to do so herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' forum shopping.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' instant claims constitute an impermissible collateral attack on previously rendered New York State Court decisions and/or judgments, and are therefore barred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' request for relief is based upon allegations of fraudulent incorporation, such allegations are inapplicable to individual health care practitioners billing under their own T.I.N. number.

Dated: Brooklyn, New York
      February 27, 2018

Fisher & Fisher, LLC

By: /s/ Andrew S. Fisher
Andrew S. Fisher (NY Bar No. 1141506)
127 Great Kills Road
Staten Island, NY 10308
Tel: (212) 514-8888
Fax: (212-514-9016
Andrew@asf-lawfirm.com

Attorneys for Maiga Products Corporation