# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, <br><br> Plaintiffs, <br><br> v. <br><br> Jules Parisien, M.D. et al., <br><br> Defendants. | Case No. 1:18-cv-00289-ILG-ST <br><br> Hon. I. Leo Glasser <br><br> Magistrate Judge Steven Tiscione |

## REPORT OF RULE 26(f) CONFERENCE AND [PROPOSED] SCHEDULING ORDER

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company hereby submit a report of the Rule 26(f) conference and proposed scheduling order for the Court's consideration.

**I.    Rule 26(f) Conference**

The Rule 26(f) conference was held via telephone on March 26, 2018 and was attended by:

1.    Patrick Harrigan, Anne Raven, and Silke Watson, attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm");

2.    Mark Furman, attorney for Defendants Darren Mollo, D.C., Darren Mollo, D.C., P.C., ACH Chiropractic, P.C., Energy Chiropractic, P.C., Island Life Chiropractic Pain Care, PLLC, Charles Deng, L.A.c., Charles Deng Acupuncture, P.C., Allay Medical Services, P.C., FJL Medical Services, P.C., JFL Medical Care, P.C., KP Medical Care, P.C., PFJ Medical Care, P.C., JPF Medical Services, P.C., RA Medical Services, P.C., MSB Physical Therapy, P.C., David

Mariano, P.T., Jules Parisien, M.D., Ksenia Pavlova, D.O., Frances Lacina, D.O., and Luqman Dabiri, M.D.;

    3.    Andrew Fisher, attorney for Defendants Maiga Products Corporation, Madison Products of USA, Inc., Quality Health Supply Corp., Personal Home Care Products Corp., and AB Quality Health Supply Corp.;

    4.    Stefan Belinfanti, attorney for Defendant Quality Custom Medical Supply, Inc.; and

    5.    Nigel Blackman, attorney for Defendant Noel Blackman, M.D.

## II.    Agreed Proposed Schedule

During the Rule 26(f) conference, the parties agreed to the following schedule.

### A.    Phase I (Pre-Settlement Discovery)

a.    Rule 26(a) initial disclosures will be completed by **April 20, 2018**.

b.    Phase I Discovery will be completed by **July 1, 2018**.

<u>Phase I Discovery Required By State Farm</u>: State Farm will require production of the following documents from all defendants before meaningful, reasoned settlement discussions may be held:

    1.    all bank records for the time period January 1, 2012 to the present;

    2.    signed and filed federal tax returns for the time period January 1, 2012 to the present;

    3.    general ledgers;

    4.    any agreements (1) between or among any of the Defendants; (2) between or among any of the Defendants and any person or entity who provides services at any location where Defendants provided services from January 1, 2012 to the present;

    5.    documents relating to any payments paid pursuant to any agreement or arrangement between any of the Defendants and any entity, person, or provider who provides services or supplies at any location where any of the Defendants provided services for the time period January 1, 2012 to the present;

      6.    any agreements between or among any entity, person, or provider who provides services or supplies at any location where any of the Defendants also provided services, including but not limited to all services provided at or through the entities the some of the individual Defendants purport to own;

      7.    documents relating to any payments paid pursuant to any agreement or arrangements between any of Defendants and any other provider, practitioner, or supplier who provides services or supplies pursuant to that agreement.

<u>Phase I Discovery Required By Defendants</u>: Defendants will require production of the following documents from all defendants before meaningful, reasoned settlement discussions may be held:

a) a complete copy of State Farm's entire Special Investigation Unit ("SIU") file regarding or relating to <u>each Defendant herein, or any combination of the said Defendants</u> named in the complaint, and

b) a copy of State Farm's entire Claim File, including for each claim for which the Defendants sought reimbursement for medical services rendered at 1786 Flatbush Avenue Brooklyn, New York during the time period alleged in the complaint, whether or not said claims were paid in whole or in part, denied, or still subject to processing ("1786 Claim Files"), and comprising without limitation the following documents regarding each claim:

1. The Application for Benefits Form(s) (NF-2);

2. The Motor Vehicle Accident Report(s) (MV104);

3. The Assignment of Benefits Form(s) (AOB);

4. All bills, Verification Forms (NF-3), or any other form, however named, regarding or referring to the services and/or supplies for which the respective Defendant sought payment;

5. All denial of claim forms (NF-10), explanation of benefits, or any other similar form issued by State Farm or it's agent(s), by which State Farm all or any portion of the services and/or supplies for which the respective Defendant sought payment;

6. All medical records including testing reports, test results, medical charts, progress notes, prescriptions, referrals, physical therapy notes, and any other document, however named, submitted by the Defendants to State Farm in the course of the respective EIP's diagnosis and/or treatment;

7. All requests and additional requests for verification regarding any of the services and/or supplies for which the respective Defendant sought payment;

3

8. All referrals of the Claim File or any portion thereof, including any medical report regarding the respective EIP, for Peer Review together with the related Peer Review Report(s);

9. All requests for independent medical examinations (an "IME") of the respective EIP as well as any reports or results thereof;

10. All requests for, and transcripts of, each Examination under Oath conducted regarding each such Claim File;

11. All Explanation of Medical Benefits (EOMB) regarding each such Claim File;

12. Copies, front and back, of all checks issued by or on behalf of State Farm regarding each such Claim File;

13. All correspondence, letters, memoranda, reports, emails or other documents, whether solely internal to State Farm or sent to others, regarding each 1786 Claim, and in accordance with <u>Bombard V. Amica Mut. Ins. Co.</u>, 11 AD3d 647 (2d Dept, 2004), any "mixed/multi-purpose reports" for the 1786 Claim Files.

   c.   Initial settlement conference to be scheduled on or after **July 13, 2018**.

**B.**   **Phase II (Discovery and Motion Practice)**

   a.   No additional parties may be joined after **August 17, 2018** without leave of Court. By this date, the parties may either stipulate to the addition of new parties or commence motion practice for joinder in accordance with the Individual Practices of the District Judge assigned to this case.

   b.   No amendment of the pleadings will be permitted after **August 17, 2018** without leave of Court. By this date, the parties may either stipulate to amendment of the pleadings or commence motion practice for leave to amend the pleadings in accordance with the Individual Practices of the District Judge assigned to this case.

   c.   Fact Discovery

      i.   First requests for production of documents and interrogatories will be served no later than **September 1, 2018**.

      ii.   All fact discovery must be completed by **April 1, 2019**.

      d.      Expert Discovery

            i.      The exchange of expert reports shall be completed by **September 4, 2019**.

            ii.      Expert depositions shall be completed by **October 1, 2019**.

      e.      COMPLETION OF ALL DISCOVERY. All discovery, including depositions of any experts, shall be completed on or before **October 31, 2019**.

      f.      The final date to take the first step in dispositive motion practice pursuant to the Individual Practices of the District Judge assigned to this case is **November 30, 2019**.

      g.      Do the parties wish to be referred to the EDNY's mediation program pursuant to Local Rule 83.8?

            i.      State Farm's response: Not at this time.

            ii.      Defendants' response: Yes

**4.**      **Additional Matters**

      a.      The parties will submit a proposed Protective Order governing the use of HIPAA-protected and Confidential information.

 

_____
Steven L. Tiscione
United States Magistrate Judge

Dated: April 18, 2018    Respectfully Submitted,

By: /s/ *Jonathan L. Marks*

Ross O. Silverman (NY Bar No. 4147922)
Jonathan L. Marks (NY Bar No. 5462874)
Patrick C. Harrigan (motion for *pro hac vice* to be filed)
Anne Raven (admitted *pro hac vice*)
Silké G. Watson (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@kattenlaw.com
jonathan.marks@kattenlaw.com
patrick.harrigan@kattenlaw.com
anne.raven@kattenlaw.com
silke.watson@kattenlaw.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2018, I electronically filed the foregoing paper with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Jonathan L. Marks*
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois  60661
Tel: 312.902.5200
E-mail: jonathan.marks@kattenlaw.com

*Attorney for Plaintiffs*