# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-00289-ILG-ST ) |
| Jules Parisien, M.D., et al. | ) Hon. I. Leo Glasser ) ) Magistrate Judge ) Steven L. Tiscione ) ) |
| Defendants. | ) |

## NOTICE OF NON-PARTY SUBPOENAS

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiff State Farm Mutual Automobile Insurance Company will issue non-party subpoenas *duces tecum*, copies of which are attached hereto, to be served on the following entities:

**Bank of America**
Legal Order Processing
800 Samoset Drive
Newark, DE 19713

**Citibank, N.A.**
c/o Legal Services Intake Unit
701 East 60th Street North
Mail Code 1251
Sioux Falls, SD 57117

**Republic Bank of Chicago**
1510 75th Street
Darien, IL 60561

**David Malek**
1397 East 35th St.
Brooklyn, New York, 11234

**DMG Linden Owner LLC**
1491 Coney Island Avenue
Brooklyn, New York, 11230

**Kings & Queens Holdings, LLC**
596 56th ST
West New York, New Jersey, 07093

**Peter Rebenwurzel**
609 Avenue K
Brooklyn, New York, 11230

**1145 EAST 35TH STREET CO LLC**
1499 Coney Island Avenue
Brooklyn, New York, 11230


Dated: April 26, 2018
      Chicago, Illinois

                                                               KATTEN MUCHIN ROSENMAN LLP


By: */s/ Silké G. Watson*
Ross O. Silverman (NY Bar No. 4147922)
Jonathan L. Marks (NY Bar No. 5462874)
Patrick C. Harrigan (motion for pro *hac vice* to be filed)
Anne Raven (admitted *pro hac vice*)
Silké G. Watson (admitted *pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061
ross.silverman@kattenlaw.com
jonathan.marks@kattenlaw.com
patrick.harrigan@kattenlaw.com
anne.raven@kattenlaw.com
silke.watson@kattenlaw.com

Michael M. Rosensaft
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: 212.940.8800
michael.rosensaft@kattenlaw.com

*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2018, a true and correct copy of the foregoing was served via electronic mail to counsel of record for all defendants.

/s/     Silké G. Watson

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| State Farm Mutual Automobile Ins. Co. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-00289-ILG-ST |
| Jules Parisien, M.D. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bank of America
Legal Order Processing
800 Samoset Drive
Newark, DE 19713

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: Katten Muchin Rosenman LLP<br>c/o Silke Watson, Esq.<br>525 W. Monroe St.<br>Chicago, IL 60661-3693 | Date and Time:<br><br>Within fourteen (14) days of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2018

CLERK OF COURT

_____     OR     *[signature]* Silke Watson
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* State Farm Mutual Automobile Insurance Company, who issues or requests this subpoena, are: Silke G. Watson, Esq.; Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; silke.watson@kattenlaw.com; (312) 902-5200.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-05845

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.
  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DOCUMENT RIDER
Bank of America

### Definitions

1. For purposes of this Document Rider, the terms "You" or "Your" means Bank of America and any employees, agents, or other persons acting on Your behalf.

2. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, electronic mail, voicemail, or other forms of written or oral interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

   The term "document" or "documents" means every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including, without limitation, books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, power points, charts minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, videotapes, audiotapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "document" or "documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

3. "Payment" shall mean any transfer of money or anything of value.

4. The term "relating to" shall mean refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests any documents that might be deemed outside their scope by another construction.

5. The time period covered by these requests is January 1, 2012 to the present.

### Instructions

1. You are required to produce any responsive Documents within Your custody, possession, or control, including any Documents in the possession of Your agents such as financial institutions, attorneys, or accountants.

1

2. Any Document responsive to these Requests that is not disclosed or produced by reason of a claim of privilege or work product, or for any other reason, shall be identified by: (a) the subject matter of the Document; (b) the author of the Document; (c) the recipient(s) of the Document; (d) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (e) the basis upon which the information is being withheld.

3. All Documents that exist in electronic format shall be produced in the format in which they are maintained, unless counsel for State Farm Mutual and State Farm Fire consents in writing to an alternative means of production.

4. If any Document described in any response to these Document Requests is no longer in Your possession, custody, control, or care, state whether the Document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (c) has been otherwise disposed of or discarded. In each situation, please state the facts surrounding such disposition, and identify the person(s) directing or authorizing that disposition, and the disposition date.

**Document Requests**

1. All documents and/or records, in either paper or electronic form, relating to any bank or financial institution account held in the name(s) of or for the benefit of any entity or individual identified below, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account.

   1. Jules Parisien, M.D. (DOB: October 14, 1939; SSN: XXX-XX-3244; TIN: 49-1583244; TIN: 01-0786251);
   2. Luqman Dabiri, M.D. (DOB: November 22, 1957; SSN: XXX-XX-6094; TIN: 46-4907489);
   3. Ksenia Pavlova, M.D. (DOB: May 17, 1982; SSN: XXX-XX-5353; TIN: 46-3252836; TIN: 07-9825353);
   4. Noel Blackman, M.D. (DOB: December 18, 1947; SSN: XXX-XX-9577; TIN: 57-8749577);
   5. Francis Lacina, D.O. (DOB: December 28, 1967; SSN: XXX-XX-5933; TIN: 47-2761917; TIN: 42-4115933)
   6. Allay Medical Services, P.C. (TIN: 47-4478872);
   7. FJL Medical Services, P.C. (TIN: 81-3081843);
   8. JFL Medical Care P.C. (TIN: 81-3971442);
   9. JPF Medical Services, P.C. (TIN: 81-3991522);
   10. KP Medical Care P.C. (TIN: 81-4351731);
   11. PFJ Medical Care P.C. (TIN: 47-4698011);
   12. RA Medical Services P.C. (TIN: 47-5567822);
   13. Darren Mollo, D.C. (DOB: January 15, 1971; SSN: XXX-XX-0377; TIN: 46-2797990);
   14. Darren Mollo, D.C., P.C.;
   15. ACH Chiropractic, P.C. (TIN: 47-5236009);

    16. Energy Chiropractic, P.C. (TIN: 81-4257318);
    17. Island Life Chiropractic Pain Care, PLLC (TIN: 27-3401634);
    18. Charles Deng, L.A.c. (DOB: August 13, 1963; SSN: XXX-XX-6701; TIN: 10-2686701);
    19. Charles Deng Acupuncture, P.C. (TIN: 13-4136274);
    20. David Mariano, P.T. (DOB: August 3, 1979; SSN: XXX-XX-9886);
    21. MSB Physical Therapy P.C. (TIN: 81-2107055);
    22. Maiga Products Corporation (TIN: 46-0715793);
    23. Madison Products of USA, Inc. (TIN: 46-5075841);
    24. Quality Custom Medical Supply, Inc. (TIN: 38-3836872);
    25. Quality Health Supply Corp. (TIN: 47-4192599);
    26. Personal Home Care Products Corp. (TIN: 47-4192599);
    27. AB Quality Health Supply Corp. (TIN: 81-3312274)
    28. Tatiana Rybak (DOB: November 18, 1960; SSN: XXX-XX-5621);
    29. Maria Maisglia a/k/a Maria Shiela B. Buslon (DOB: September 14, 1975; SSN: XXX-XX-7152);
    30. Maiga Borisevica;
    31. Oleksandr Semenov;
    32. Sharon Babala (DOB: September 24, 1952; SSN: XXX-XX-6759);
    33. Allan L. Buslon (DOB: November 11, 1975; SSN: XXX-XX-6052);
    34. Valentyna Diker;
    35. DM Physical Therapy, P.C.;
    36. Alexander Verbitsky

2. To the extent not covered by the preceding Requests, all Documents and/or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating to any transactions relating to the following account numbers:

    Account Number: 483052483687
    Account Number: 530857288
    Account Number: 4310106326
    Account Number: 4304774957
    Account Number: 4967589589
    Account Number: 02288722

3. To the extent not covered by the preceding Request, all account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating to all Payments or transactions with the accounts, individuals, and/or or entities identified in Requests Nos. 1 and 2 above.

3

4. To the extent not covered by the preceding Requests, all documents and/or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating to any transactions for any accounts associated with any entities and/or account holders or authorized signees located at the following address:

1786 Flatbush Avenue, Brooklyn, New York

5. To the extent not covered by the preceding Requests, all documents and/or Communications in Your possession, custody, or control regarding or relating to the individuals, entities and/or account holders or authorized signers and/or account numbers listed in Requests Nos. 1 and 2 above.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Ins. Co. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-00289-ILG-ST |
| Jules Parisien, M.D. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Citibank, N.A
c/o Legal Services Intake Unit
701 East 60th St North, Mail Code 1251
Sioux Falls, SD 57117

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: **Katten Muchin Rosenman LLP**<br>**c/o Silke Watson, Esq.**<br>**525 W. Monroe St.**<br>**Chicago, IL 60661-3693** | Date and Time:<br><br>**Within fourteen (14) days of service.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2018

CLERK OF COURT

OR /s/ Silke Watson

_____      _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **State Farm Mutual Automobile Insurance Company**, who issues or requests this subpoena, are: **Silke G. Watson, Esq.; Katten Muchin Rosenman LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; silke.watson@kattenlaw.com; (312) 902-5200.**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-05845

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:18-cv-00289-ILG-ST   Document 64-1   Filed 05/09/18   Page 14 of 18 PageID #: 2164

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.
  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## DOCUMENT RIDER
Citibank, N.A.

### Definitions

1. For purposes of this Document Rider, the terms "You" or "Your" means Citibank, N.A. and any employees, agents, or other persons acting on Your behalf.

2. The term "communications" means all discussions, conversations, meetings, conferences, telephone conversations, interviews, negotiations, agreements, understandings, cards, letters, correspondence, telegrams, telexes, electronic mail, voicemail, or other forms of written or oral interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

   The term "document" or "documents" means every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including, without limitation, books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, faxes, communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, power points, charts minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, videotapes, audiotapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "document" or "documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

3. "Payment" shall mean any transfer of money or anything of value.

4. The term "relating to" shall mean refer to, regard, concern, describe, explain, state, evidence, record, constitute, pertain to, reflect, comprise, contain, embody, mention, show support, contradict, and discuss, whether directly or indirectly, as required by the context to bring within the scope of the requests any documents that might be deemed outside their scope by another construction.

5. The time period covered by these requests is January 1, 2012 to the present.

### Instructions

1. You are required to produce any responsive Documents within Your custody, possession, or control, including any Documents in the possession of Your agents such as financial institutions, attorneys, or accountants.

1

2. Any Document responsive to these Requests that is not disclosed or produced by reason of a claim of privilege or work product, or for any other reason, shall be identified by: (a) the subject matter of the Document; (b) the author of the Document; (c) the recipient(s) of the Document; (d) the identity of any person(s) to whom the Document, or any portion thereof, has been revealed; (e) the basis upon which the information is being withheld.

3. All Documents that exist in electronic format shall be produced in the format in which they are maintained, unless counsel for State Farm Mutual and State Farm Fire consents in writing to an alternative means of production.

4. If any Document described in any response to these Document Requests is no longer in Your possession, custody, control, or care, state whether the Document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (c) has been otherwise disposed of or discarded. In each situation, please state the facts surrounding such disposition, and identify the person(s) directing or authorizing that disposition, and the disposition date.

**Document Requests**

1. All documents and/or records, in either paper or electronic form, relating to any bank or financial institution account held in the name(s) of or for the benefit of any entity or individual identified below, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account.

    1. Jules Parisien, M.D. (DOB: October 14, 1939; SSN: XXX-XX-3244; TIN: 49-1583244; TIN: 01-0786251);
    2. Luqman Dabiri, M.D. (DOB: November 22, 1957; SSN: XXX-XX-6094; TIN: 46-4907489);
    3. Ksenia Pavlova, M.D. (DOB: May 17, 1982; SSN: XXX-XX-5353; TIN: 46-3252836; TIN: 07-9825353);
    4. Noel Blackman, M.D. (DOB: December 18, 1947; SSN: XXX-XX-9577; TIN: 57-8749577);
    5. Francis Lacina, D.O. (DOB: December 28, 1967; SSN: XXX-XX-5933; TIN: 47-2761917; TIN: 42-4115933)
    6. Allay Medical Services, P.C. (TIN: 47-4478872);
    7. FJL Medical Services, P.C. (TIN: 81-3081843);
    8. JFL Medical Care P.C. (TIN: 81-3971442);
    9. JPF Medical Services, P.C. (TIN: 81-3991522);
    10. KP Medical Care P.C. (TIN: 81-4351731);
    11. PFJ Medical Care P.C. (TIN: 47-4698011);
    12. RA Medical Services P.C. (TIN: 47-5567822);
    13. Darren Mollo, D.C. (DOB: January 15, 1971; SSN: XXX-XX-0377; TIN: 46-2797990);
    14. Darren Mollo, D.C., P.C.;
    15. ACH Chiropractic, P.C. (TIN: 47-5236009);

    16. Energy Chiropractic, P.C. (TIN: 81-4257318);
    17. Island Life Chiropractic Pain Care, PLLC (TIN: 27-3401634);
    18. Charles Deng, L.A.c. (DOB: August 13, 1963; SSN: XXX-XX-6701; TIN: 10-2686701);
    19. Charles Deng Acupuncture, P.C. (TIN: 13-4136274);
    20. David Mariano, P.T. (DOB: August 3, 1979; SSN: XXX-XX-9886);
    21. MSB Physical Therapy P.C. (TIN: 81-2107055);
    22. Maiga Products Corporation (TIN: 46-0715793);
    23. Madison Products of USA, Inc. (TIN: 46-5075841);
    24. Quality Custom Medical Supply, Inc. (TIN: 38-3836872);
    25. Quality Health Supply Corp. (TIN: 47-4192599);
    26. Personal Home Care Products Corp. (TIN: 47-4192599);
    27. AB Quality Health Supply Corp. (TIN: 81-3312274)
    28. Tatiana Rybak (DOB: November 18, 1960; SSN: XXX-XX-5621);
    29. Maria Maisglia a/k/a Maria Shiela B. Buslon (DOB: September 14, 1975; SSN: XXX-XX-7152);
    30. Maiga Borisevica;
    31. Oleksandr Semenov;
    32. Sharon Babala (DOB: September 24, 1952; SSN: XXX-XX-6759);
    33. Allan L. Buslon (DOB: November 11, 1975; SSN: XXX-XX-6052);
    34. Valentyna Diker;
    35. DM Physical Therapy, P.C.;
    36. Alexander Verbitsky

2. To the extent not covered by the preceding Requests, all Documents and/or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating to any transactions relating to the following account numbers:

    Account Number: 4996950652
    Account Number: 9983209315
    Account Number: 8779081963
    Account Number: 530857288
    Account Number: 4310106326
    Account Number: 4304774957
    Account Number: 4967589589
    Account Number: 02288722

3. To the extent not covered by the preceding Request, all account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating

to all Payments or transactions with the accounts, individuals, and/or or entities identified in Requests Nos. 1 and 2 above.

4. To the extent not covered by the preceding Requests, all documents and/or records, in either paper or electronic form, including but not limited to account statements, cancelled checks, deposit and withdrawal items, including check images, records of any wire transfers, electronic funds transfers, signature cards, loan or credit applications, and documents related to the opening or closing of any account, and electronic data relating to any transactions for any accounts associated with any entities and/or account holders or authorized signees located at the following address:

1786 Flatbush Avenue, Brooklyn, New York

5. To the extent not covered by the preceding Requests, all documents and/or Communications in Your possession, custody, or control regarding or relating to the individuals, entities and/or account holders or authorized signers and/or account numbers listed in Requests Nos. 1 and 2 above.

4