# Katten

Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.kattenlaw.com

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.1061 fax

July 13, 2018

**VIA ELECTRONIC FILING**

Magistrate Judge Steven L. Tiscione
United States District Court
225 Cadman Plaza East
Courtroom N504, Chambers Room N503
Brooklyn, NY 11201

>       **Re: State Farm v. Parisien, et al., No. 1:18-cv-00289-ILG-ST – Motion to Compel Professional Defendants' Complete Production and Written Discovery Responses**

Dear Magistrate Judge Tiscione:

      Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "State Farm") move to compel the Professional Defendants[1] to produce discovery that this Court ordered be produced by June 25, 2018, almost three weeks ago. In particular, they should be required to complete production and written responses to Plaintiffs' First Set of Document Requests and complete and verified answers to Plaintiffs' First Set of Interrogatories.

      This action involves a scheme to defraud involving a fraudulently operated medical clinic at 1786 Flatbush in Brooklyn, New York. On April 19, 2018, State Farm served its First Set of Document Requests and First Set of Interrogatories on all defendants, including the Professional Defendants. *See* Ex. 1, 4/19/2018 First Sets of Disc. Reqs. to Professional Def's; Ex. 2, 4/19/2018 A. Raven E-mail to M. Furman. Defendants' responses were originally due almost two months ago on May 21, 2018. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). On May 14, 2018, the Professional Defendants moved to strike discovery requests seeking "financial discovery." Dkt. 66. While Defendants did not specify which discovery requests they found objectionable, they referenced bank records and tax returns and presumably challenged requests for "financial" information. No other discovery requests were challenged, and no other issues

---

[1] The "Professional Defendants" include the "Parisien Defendants," Jules Parisien, M.D., JPF Medical Services, P.C., and PFJ Medical Care P.C.; the "Pavlova Defendants," Ksenia Pavlova, D.O., Allay Medical Services, P.C., and KP Medical Care P.C.; the "Lacina Defendants," Frances Lacina, D.O., FJL Medical Services P.C., JFL Medical Care P.C. and RA Medical Services P.C.; the "Mollo Defendants," Darren Mollo, D.C., Darren Mollo, D.C., P.C., ACH Chiropractic, P.C., Energy Chiropractic, P.C., and Island Life Chiropractic Pain Care, PLLC; the "Deng Defendants," Charles Deng, L.A.c., and Charles Deng Acupuncture, P.C.; Luqman Dabiri, M.D.; David Mariano, P.T.; and MSB Physical Therapy P.C.

July 13, 2018
Page 2

raised. At a May 25, 2018 hearing, this Court granted Defendants' motion only "with respect to individual tax returns, but denied [Defendants' motion] in all other respects." *See* Dkt. 76.

After the time to respond to discovery had expired, State Farm contacted the Professional Defendants and offered a two-week extension, until June 1, 2018. Ex. 3, 5/29/2018 A. Raven E-Mail to Defs. The Professional Defendants did not respond to that communication. A week later, on June 4, 2018, State Farm again reached out to the Professional Defendants, both by voicemail, and by e-mail, informing them that if State Farm did not receive a response by June 5, it would seek court assistance. Ex. 4, 6/4/2018 A. Raven E-Mail to M. Furman. Counsel for the Professional Defendants responded that he would be starting trial the week of July 11, 2018, and asked to negotiate a schedule. Ex. 5, 6/5/2018 M. Furman E-Mail to A. Raven.

Counsel spoke by phone the next day, on June 6, 2018. In light of the trial, State Farm agreed to another extension, allowing production of some materials (including financial records) on June 18, 2018, and complete responses by June 25, 2018. A draft stipulation was sent to the Professional Defendants on June 7, 2018. Ex. 6, 6/7/2018 A. Raven E-Mail to M. Furman. Counsel for the Professional Defendants did not respond to that communication. The next day, State Farm again asked for authority to file the stipulation with the Court, and again received no response. Ex. 7, 6/8/2018 A. Raven E-Mail to M. Furman.

A week later, counsel for the parties spoke by phone. The Professional Defendants requested an additional extension for all document production to be completed by June 25, 2018 (rather than the previously agreed-upon date of June 18 to begin production). State Farm agreed, the parties agreed to a stipulation, and the stipulation was filed and entered as a Court order on June 19, 2018. Dkt 79; Ex 8, 6/19/2018 Court Order.

The Court's order provides that "The Professional Defendants [shall] serve their written responses to State Farm['s] First Set of Discovery Requests and produce or make available for inspection and copying any responsive documents on or before June 25, 2018." Ex. 8; *see also* Dkt. 79. It also provides that "The Professional Defendants [] shall provide information responsive to State Farm['s] Interrogatory No. 1 on or before June 20, 2018, identifying all of their financial accounts, including the name of the financial institution, type of account, location of branch where account opened and full account number." *Id.*

To date, while the Professional Defendants have produced some discovery, they have failed to complete their responses as required by the Court's order. They have provided incomplete tax returns for 11 out of 13 of the Professional Defendant corporate entities[2]; bank records for 9 of 13 of the Professional Defendant corporate entities,[3] and only 1 of 7 of the Professional Defendant individuals[4]; incorporation documents for 9 of 13 of the Professional Defendant corporate entities[5]; one lease; and 4 miscellaneous documents related to P.O. boxes

---

[2] Production did not include any tax returns of (1) Darren Mollo D.C., P.C. or (2) Energy Chiropractic, P.C.

[3] Production did not include any bank records related to: (1) Darren Mollo D.C., P.C., (2) ACH Chiropractic, P.C., (3) Energy Chiropractic, P.C., and/or (4) Island Life Chiropractic Pain Care, PLLC.

[4] Production did not include bank records related to: (1) Jules Parisien, M.D.; (2) Luqman Dabiri, M.D.; (3) Frances Lacina, D.O.; (4) Darren Mollo, D.C.; (5) Charles Deng, L.A.c.; and/or (6) David Mariano, P.T.

[5] No incorporation records were provided for: (1) Darren Mollo D.C., P.C., (2) ACH Chiropractic, P.C., (3) Energy Chiropractic, P.C., and/or (4) Island Life Chiropractic Pain Care, PLLC.

July 13, 2018
Page 3

and federal identification numbers of Ksenia Pavlova, D.O. and Jules Parisien, M.D.  This production constitutes a remarkably small volume of documents given that the requests seek records of twenty individuals and entities involved in treating over 1,700 patients at a location for over six years.

Defendants have NOT answered a single interrogatory, provided written responses to the document requests identifying what is being produced, or produced critical records including but not limited to, complete tax returns, complete bank records, accounting ledgers, financial statements, service agreements, billing data, equipment purchase records, communications with other defendants and relevant third parties, marketing materials, non-privileged documents and communications with the Rybak Law Firm, PLLC or Oleg Rybak, telephone statements or records, employment records, curriculum vitae, transcripts or summaries of testimony concerning Defendants, or a single record regarding medical treatment at 1786 Flatbush Avenue.

On July 3, 2018, over a week after the stipulated and ordered deadline had passed, State Farm informed the Professional Defendants of its intention to file this motion.  Ex. 9, 7/3/2018 A. Raven E-Mail to M. Furman.  Defendant responded with a lengthy e-mail expressing outrage and protesting that State Farm would seek compliance with a Court-ordered deadline.  See Ex. 10, 7/3/2018 M. Furman E-Mail to A. Raven.  Although that e-mail was sent almost two weeks ago, no additional materials have been provided as of this writing.

Almost two months have passed since Defendants' responses were originally due; almost three weeks have passed since the Court-ordered deadline to comply, and it has been almost two weeks since State Farm informed Defendants of its intention to move to compel.  As the Professional Defendants have failed to timely respond to State Farm's Discovery Requests, they are in violation of the Court's Order and the Federal Rules.  The only objections they have to the substance of the discovery have already been raised, briefed and ruled upon.  So there is no further basis to object.[6]

Accordingly, State Farm Mutual and State Farm Fire request that the Court order the Professional Defendants to provide (1) complete responses to Plaintiffs' First Set of Document Requests, and (2) complete, verified answers to Plaintiffs' First Set of Interrogatories, by a date certain, and grant such other relief as the Court finds just and proper.

Respectfully submitted,

/s/ Jonathan L. Marks

Jonathan L. Marks

---

[6] "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."  Cohalan v. Genie Industries, Inc., 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (quoting UBS Intern. Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010); see also Labarbera v. Absolute Trucking, Inc., 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); Eldaghar v. City of New York Dept. of Citywide Admin. Servs., 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.").  Indeed, "[a]ny other result would...completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."  Eldaghar, 2003 WL 22455224, at *1.