

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.kattenlaw.com

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.1061 fax

November 8, 2018

**VIA ELECTRONIC FILING**
Magistrate Judge Steven L. Tiscione
United States District Court
225 Cadman Plaza East
Courtroom N504, Chambers Room N503
Brooklyn, NY 11201

       **Re: State Farm v. Parisien, et al., No. 1:18-cv-00289-ILG-ST – Second Motion to Compel DME Defendants' Discovery Responses**

Dear Magistrate Judge Tiscione:

    Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "State Farm Entities") previously moved to compel the DME Defendants[1] to provide: (1) complete responses and all responsive documents to Plaintiffs' First Set of Document Requests, and (2) complete, verified answers to Plaintiffs' First Set of Interrogatories.  Dkt. 83.  As detailed in their first Motion to Compel, the State Farm Entities moved after informally granting the DME Defendants numerous extensions; at that time, over two months had passed since Defendants' discovery responses were originally due.  *See id.*

    On August 9, 2018, the Court granted the State Farm Entities' Motion to Compel, and ordered that "**DME Defendants will produce all outstanding discovery responses by October 5, 2018.**"  Dkt. 85 (emphasis added); *cf.* Ex. 1, 8/9/18 IIrg. Tr. at 6:23-7:4 (noting that if Professional Defendants did not comply with their deadline, the Court "will award sanctions in the amount of the plaintiffs' costs for the various motions to compel that have had to be made"; 11:3-13 (informing counsel for Blackman that October 5, 2018 was "a hard deadline, so if it's not done by then, expect there to be sanctions imposed").

    On October 4, 2018, counsel for the DME Defendants requested "an extension to October 22."  Ex. 2, 10/4/18 E-Mail Thread.  Counsel for State Farm did not object to the extension, but noted that it would "have to be cleared with the court since [the October 5, 2018] deadline was set by court order," and provided a template letter motion for the DME counsel's convenience.  *Id*.  The DME Defendants did not file any such motion with the Court, and no extension was granted.

---

[1] The "DME Defendants" include (1) Maiga Products Corporation ("Maiga Products"), (2) Madison Products of USA, Inc. ("Madison Products"), (3) Quality Health Supply Corp. ("Quality Health"), (4) Personal Home Care Products Corp. ("PHCP"), and (5) AB Quality Health Supply Corp. ("AB Quality Health").

November 8, 2018
Page 2

On October 22, 2018, counsel for the DME Defendants advised State Farm that "some documents" were available for collection. Ex. 3, 10/22/18 A. Fisher E-Mail to A. Wong. The DME Defendants did not provide interrogatory answers or written responses to document requests, but rather produced only incomplete tax returns for the DME Defendants[2]; bank records for only 2 of the 5 DME Defendants[3]; incorporation documents; one lease; and DME invoices between Quality Health and Precision Medical Supply LLC from 2015-2016, and between AB Quality Health and Precision Medical Supply LLC from 2016-2018.[4] These records represent a small fraction of what has been requested. Furthermore, without written responses to the document requests it is not possible to know the full extent of what is being withheld.

On October 24, 2018, counsel for State Farm sent a letter advising that if it did not receive full and complete discovery responses, including (1) complete responses and production of all responsive documents to Plaintiffs' First Set of Document Requests, and (2) complete, verified answers to Plaintiffs' First Set of Interrogatories, by Friday, October 26, 2018, the State Farm Entities would again move to compel and seek other appropriate relief from the Court. Ex. 4, 10/24/2018 Letter A. Raven to A. Fisher and transmittal Email. Counsel for the DME Defendants responded that written responses would be provided "by Monday [October 29, 2018] close of business," and State Farm agreed to this additional extension. Ex. 5, A. Raven and A. Fisher Email Thread.

On October 29, 2018, counsel for the DME Defendants asked for "a few more days" to provide the outstanding discovery responses. Ex. 5. The State Farm Entities agreed to this additional extension, but advised that they could not agree to any more extensions beyond November 1. *Id*. November 1, 2018 came and went with no communication or request for additional extension from the DME Defendants. It has now been over one week since even this extension, and not only have the DME Defendants failed to provide any additional responses, they have not responded to or contacted the State Farm Entities regarding the discovery requests.

Despite the Court's clear directive over three months ago, and the numerous extensions granted, the DME Defendants have still failed to provide their outstanding discovery responses. Over five months have passed since Defendants' discovery responses were due. The DME Defendants have waived their right to object.[5] "When a party fails to respond to discovery

---

[2] Production included tax returns only for 2015 for Maiga Products, Madison Products, and PHCP, and tax returns only for 2016 for Quality Health and AB Quality Health.

[3] Production included only bank records related to a single Quality Health account at TD Bank and a single AB Quality Health account at TD Bank. No bank records were produced related to Maiga Products, Madison Products, or PHCP.

[4] As discussed in the State Farm Entities' first Motion to Compel (Dkt. 83), the DME Defendants made a prior limited production in July 2018 containing medical records and bills related to (1) DME Defendant, Quality Health; (2) Professional Defendant, MSB Physical Therapy, P.C.; and (3) third-party, Maria Masiglia, P.T. No medical records have been produced related to the remaining four DME Defendants.

[5] "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (quoting *UBS Intern. Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010); *see also Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been

November 8, 2018
Page 3

requests, Rule 37 permits the requesting party to apply for an order compelling disclosure or discovery." *Tangorre v. Mako's, Inc.*, 2002 WL 206988, at *3 (S.D.N.Y. 2002) (citing Fed. R. Civ. P. 37(a)).  Rule 37 and the Court's prior order further authorizes the Court to impose sanctions when a party violates the Court's discovery order, and/or when a party fails to comply with discovery requests.  Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d); *see also Tangorre*, 2002 WL 206988, at *5; *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)").

      Accordingly, State Farm Mutual and State Farm Fire request that the Court order the DME Defendants to (1) provide complete responses to Plaintiffs' First Set of Document Requests, and (2) serve complete, verified answers to Plaintiffs' First Set of Interrogatories, by a date certain, and grant such other relief as the Court finds just and proper.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

---

available."); *Eldaghar v. City of New York Dept. of Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests.").