

November 14, 2018

**V<small>IA</small> ECF**

Magistrate Judge Steven L. Tiscione
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.kattenlaw.com

J<small>ONATHAN</small> L. M<small>ARKS</small>
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.1061 fax

Re:   *State Farm Mut. Auto Ins. Co. et al v. Parisien M.D. et al.*, Case No. 1:18-cv-00289
      Motion to Reconsider Order Re Masigla Motion to Quash [Dkt. 99]

Dear Magistrate Judge Tiscione:

By letter dated November 6, 2018, Maria Masigla responded to Plaintiffs' motion to reconsider the Court's October 17, 2018 order and also moved for reconsideration. This letter responds to that portion of the submission by which Masigla moves for reconsideration.[1] Masigla's request for reconsideration should be denied because it is untimely and is based on a clearly erroneous articulation of the legal standard that governs discovery.

Motions to reconsider court orders must be served within fourteen days after entry of the court's determination. *See* Fed. R. Civ. P. 59(a) ("A party may serve and file objections to [an] order" of a magistrate judge determining a nondispositive matter "within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time as the court sets"); E.D.N.Y. Local R. 6.3 ("a notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion"). The Court's order was entered on October 17, 2018, requiring that any motion for reconsideration be filed on or before October 31, 2018. Masigla's motion was not filed until November 6, 2018. Thus, while Masigla may respond to Plaintiffs' timely filed motion for reconsideration, she may not herself move to reconsider. This distinction means that she may not seek, as her motion does, to have the Court's order of October 17, 2018 that allowed access to some of her bank records overturned "in its entirety," or seek reconsideration of the Court's prior findings, which Plaintiffs submit were correct, that Masigla engaged in suspicious transactions that are relevant to the claims at issue, that Masigla used a personal bank account at Navy Federal to do so, and that bank records of an account at Navy Federal are discoverable.

Second, Masigla's motion for reconsideration should be denied because it relies on a clearly erroneous legal standard. Masigla argues that Plaintiffs cannot access any of her bank accounts unless they present "evidence" that a particular account was used to perpetrate the alleged scheme. *See* Dkt. 105 at 3726 ("[Plaintiff] had evidence of one specific bank account at Navy Federal Credit Union that was purportedly utilized by Ms. Masigla . . . ."; *id.* at 3727 ("Plaintiff is now without the sole piece of evidence upon which the Court relied in denying Ms. Masigla's motion to quash in part."; *id.* at 3728 ("[W]ithout actual evidence tying the bank

---

[1] The Court's rules permit responses to motions within 5 business days. Individual Prac. R. III.A. This submission is limited to responding to Masigla's motion. Plaintiffs stand on the arguments made in their motion for reconsideration. Dkt. 102.

records to Plaintiff's allegations," Plaintiffs are not entitled to the bank records). That is simply not the law.

A party is not required to prove that requested discovery will be valuable or offer evidence before being allowed to conduct discovery. *See Kadant Johnson, Inc. v. D'Amico*, 2011 WL 13202957, at *2 (E.D. La. Aug. 22, 2011) ("I specifically reject defendants' argument that plaintiff 'should first be required to make [an evidentiary] showing' of any particular kind before this discovery will be allowed. . . . [T]he scope of discovery extends to any party's claim or defense — <u>not</u> to any party's claim or defense that the opposing party concedes has merit.") (quotation omitted) (first alteration in original); *WTI, Inc. v. Jarchem Indus., Inc.*, 2013 WL 142318, at *3 (N.D. Ga. Jan. 11, 2013) ("Though state courts may require such an evidentiary showing, federal law does not require any demonstration beyond Rule 26(b) relevance to allow a party to obtain financial information, including tax records, through discovery."); *Cervenec v. Borden Dairy Co. of Fla., LLC*, 2015 WL 13567434, at *4 (S.D. Fla. Oct. 16, 2015) ("a showing (evidentiary or otherwise) for the basis of a punitive damages claim is not required before discovering a defendant's relevant financial documents"). To require proof, evidence or certainty before a discovery inquiry is allowed would undermine one goal of discovery, which is to learn the truth. *See Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. 2001) ("Discovery is a search for the truth."); *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Restaurant Emps. Int'l Union*, 212 F.R.D. 178, 181 (S.D.N.Y. 2003) ("A lawsuit is supposed to be a search for the truth[.]").

Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). There is no issue here as to proportionality. Indeed, Masigla has not, and cannot, argue the subpoena imposes any burden on her as it is directed to the banks and they, not her, are the ones who will respond. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 707–08 (E.D. Mich. 2017) (denying defendants' motion to quash bank subpoena because no support "for the proposition that they can object to a nonparty subpoena based on burden to them"). The only question then is whether the information is relevant to a claim or defense in the case. Relevant information includes anything having a tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable. Fed. R. Evid. 401; *see Johnson v. City of New York*, 2018 WL 276349, at *2 (E.D.N.Y. Jan. 3, 2018) (Scanlon, M.J.) ("The scope of discovery in civil litigation is broad, and the purpose of discovery can include fact finding and information gathering, even if the information is not immediately related to the underlying claim."); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 2016 WL 4613390, at *11 (S.D.N.Y. Aug. 31, 2016) (recognizing "the Rule 26(b)(1) standard presents a relatively low threshold for a party to show that the material sought is relevant to any claim or defense in the litigation[,]" and "[w]here relevance is in doubt, the district court should be permissive"). As long as an inquiry *may* reveal information that is relevant to the claims asserted in a complaint, such inquiry must be allowed. *See State Farm Mut. Auto Ins. Co. v. Warren Chiro. & Rehab, PC*, 2015 WL 4094115, at *7 (E.D. Mich. July 7, 2015) (allowing discovery into personal "trust [that] *may* have played an important role in concealing the alleged fraudulent scheme" where the "conduct certainly could suggest — although not necessarily establish — that something nefarious was occurring with respect to the Trust and [defendants'] work"); *Universal Acupuncture Pain Servs., PC v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 31309232, at *5 (S.D.N.Y. Oct. 15, 2002) (granting non-party financial discovery because "*[i]f* the financial information . . . [of non-party] does not show that a reasonable portion of the management fee was spent on expenses . . . it would support

State Farm's argument") (emphasis added); *Sierra Rutile Ltd. v. Katz*, 1994 WL 185751, at *4 (S.D.N.Y. May 11, 1994) ("*[i]f* the information defendants seek was to demonstrate that [non-party] had more extensive personal financial ties to the defendants, it would be relevant") (emphasis added). Thus, as long as Masigla's bank records at Navy Federal may reveal information that is relevant to a claim at issue, they are relevant and discoverable. The Court's prior findings — that Masigla engaged in suspicious transactions that are relevant to the claims at issue, that Masigla used a personal bank account at Navy Federal to do so, and that bank records of an account at Navy Federal are discoverable — confirm the relevance and discoverability of the bank records. Plaintiffs are not required to provide "evidence" that particular accounts were used to perpetrate the scheme.[2]

Accordingly, Masigla's motion for reconsideration should be denied.

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

---

[2] Masigla argues that Plaintiffs should be required to question Masigla about her bank accounts first. *See* Dkt. 105 at 3728 & n.2. For reasons set forth in Plaintiffs' motion for reconsideration, which will not be reargued here, such an approach does not present a reliable alternative. *See* Dkt. 102 at 2-3. But even if it did, it is faulty as a matter of law. If the information is relevant to a claim or defense, Plaintiffs may pursue the inquiry through any appropriate discovery tool. *See U.S. ex rel. Fry v. Health All. of Greater Cincinnati*, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("It is fundamental that parties may simultaneously utilize any or all of the discovery mechanisms authorized by the rules.") (quotations omitted). Indeed, allowing Plaintiffs access to records that have already been produced by the bank is far less burdensome than what are likely to be multiple depositions.