**SERCARZ & RIOPELLE, LLP**
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

March 25, 2019

**BY ECF**

Hon. Steven Tiscione, Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *State Farm Mutual Insurance Company et al v. Parisien et al,*
        Docket No. 18-cv-00289 E.D.N.Y.

Dear Judge Tiscione:

    I have been retained by Tatiana, Sergey and Max Rybak to represent them in connection with a subpoena served by the plaintiffs on T-Mobile to obtain all telephone records and related items associated with my clients' T-Mobile accounts for the period from January 1, 2012 to the present. For the reasons stated below, Tatiana, Sergey and Max Rybak move to quash the subpoena. For the Court's convenience, a copy of the subpoena, which is dated March 14, 2019, is attached as Exhibit A to this letter, together with a copy of the Notice of Non-Party Subpoenas served on the parties to this action, also dated March 14, 2019.

## BACKGROUND

    As the Court is aware, the Amended Complaint in this case – which runs to 94 pages in length – alleges a sprawling conspiracy to defraud the plaintiff insurance companies through fraudulent medical billing practices, from August 2013 to the present. State Farm v. Parisien, et al., 18 CV 00289, p. 5. (A copy of the Complaint, without the exhibits thereto, is attached as Exhibit B). According to the Amended Complaint, the fraud was perpetrated through treatments required by a "predetermined treatment protocol" at a medical clinic located at 1786 Flatbush Avenue in Brooklyn. Id., at p. 2. The plaintiff alleges that, as a result of the predetermined treatment protocol, unnecessary treatment and testing was provided to numerous patients, resulting in fraudulent bills

1

SERCARZ & RIOPELLE, LLP

rendered to and paid by the plaintiff, State Farm. Id., at p. 4. The plaintiff alleges that it has paid out more than $1 million in fraudulent medical claims during the life of the alleged scheme. Id., at p. 5.

The defendants named in the Amended Complaint consist of numerous providers of medical services and equipment, who are alleged to have provided unnecessary medical treatments and equipment to insurance claimants. Id., at pp. 6-13. In addition, the Amended Complaint alleges that "many of the automobile accidents that preceded treatment at 1786 Flatbush bear indicia of being deliberately staged collisions designed to support claims for No-Fault Benefits" under New York Law, because of various patterns observed in the patients seeking treatment. Id., at p. 15-18.

Sergey Rybak and Max Rybak are brothers, and Tatiana Rybak is their mother. Tatiana, Sergey and Max are not parties to this action, and they are not even mentioned in the Amended Complaint. They are not medical providers or medical equipment providers – Tatiana Rybak is a real estate investor, Sergey Rybak is a real estate developer, and Max Rybak is a college student. My clients have no ownership interest in any of the Professional Corporations or other Corporations named as defendants in the Amended Complaint. The Amended Complaint does not allege that Tatiana, Sergey or Max Rybak were patients of any of the medical providers named in the Amended Complaint, or that they submitted fraudulent medical insurance claims in connection with any medical treatment provided by anyone.

Sergey Rybak's wife, Ksenia Pavlova, is named as a defendant in the Amended Complaint, and is alleged to be a Doctor of Osteopathic medicine who submitted fraudulent claims to State Farm. Id., at p. 9. Sergey Rybak's marriage to Ms. Pavlova appears to be the only connection that he has to the allegations in the Amended Complaint. Tatiana Rybak has no discernable connection to the allegations in the Amended Complaint, except for her son Sergey's marriage to Ms. Pavlova, and Max Rybak has no discernable connection to the allegations in the Amended Complaint, except for the fact that his sister-in-law is named as a defendant in the case.

Finally, the Amended Complaint does not allege that Ms. Pavlova or any other defendant used a cell phone in furtherance of any aspect of the scheme described in the Amended Complaint.

## THE SUBPOENA

The subpoena at issue is dated March 14, 2019, and seeks records from T-Mobile for the period from January 1, 2012 to the present. Subpoena, Rider, p. 1 (Exhibit A). The subpoena seeks all documents and records in the possession of T-Mobile relating to Tatiana, Sergey and Max Rybak, including account statements for their T-Mobile accounts, billing statements, and records of text and other electronic messages. Id., at p.

SERCARZ & RIOPELLE, LLP

2. The subpoena seeks the same materials relating to "the account associated with" the telephone number (786) 246-6960, which is the phone number of Tatiana Rybak. See Exhibit A.

Thus, in this case the subpoena seeks T-Mobile records relating to the accounts of three persons who are not parties to the litigation in which the subpoena was issued – Tatiana Rybak, Sergey Rybak and Max Rybak – for records that do not appear to be directly related in any way to the scheme to defraud State Farm that is alleged in the Amended Complaint.

## APPLICABLE LAW

The applicable law is now well settled. A party issuing a subpoena to a non-party for its records "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Kingsway Financial Services, Inc. v. Pricewaterhouse Coopers, LLP, 2009 WL 4452134 (SDNY Oct. 2, 2008) at *4, quoting Nighthawk Ltd. V. Briarpatch Ltd., LP, 2003 WL 23018833 at * 8 (SDNY Dec. 23, 2003). The burden is on the party issuing the subpoena to demonstrate relevance. Id. For the purposes of discovery, "relevance" means that the evidence subpoenaed from a non-party must be "reasonably calculated to lead to the discovery of … evidence" that would be admissible at the trial of the claims asserted. Fed. R. Civ. P. 26(b)(1); During v. City University of New York, 2006 WL 2192843 at *2 (SDNY Aug. 1, 2006). And it is clear that only "information related to 'the *actual* claims and defenses involved in the action" is subject to subpoena from a non-party. Guan Ming Lin v. Benihana Nat. Corp., 2010 WL 4007282 (SDNY Oct. 5, 2010). That is, the party issuing a subpoena to a non-party may not use the subpoena to obtain evidence as to possible claims not already asserted. Id. "Fishing expeditions" are not permitted. Catskill Development, LLC v. Park Place Entertainment Corp., 206 FRD 78, 93 (SDNY 2002).

Moreover, a non-party has standing to object to a subpoena issued to her bank or other entity, because the non-party's privacy interests are implicated by the service of the subpoena. Id. Thus, Tatiana, Sergey and Max clearly have standing to move to quash the subpoena served on T-Mobile for their phone records, which contain references to their private communications with each other and others.

## ARGUMENT

The subpoena at issue was served on a non-party to this action, and it seeks records relating to other non-parties. The records sought – phone records – include records outside the scope of the time that the alleged scheme described in the Amended Complaint existed – the Amended Complaint alleges that the fraudulent scheme began in 2013, and the subpoena seeks records going all the way back to January 1, 2012. The relevance of the phone records of non-parties Tatiana, Sergey and Max Rybak in 2012 is

SERCARZ & RIOPELLE, LLP

zilch in connection with claims that pertain to an alleged scheme that began in 2013.

In addition, it very hard to see how a subpoena for the phone records of non-parties to this action could possibly be relevant to the plaintiffs' claims. The phone records will not contain any information concerning the scheme described in the Amended Complaint, because the Amended Complaint does not refer to Tatiana, Sergey or Max Rybak in any way. And while the phone records are likely to reflect calls and communications between Ms. Pavlova and Tatiana, Sergey and Max Rybak because they are related, there is little chance those communications will be relevant to the plaintiffs' allegations. How can records that demonstrate Ms. Pavlova was in contact with her husband, mother-in-law and brother-in-law show that she was involved in a scheme to defraud State Farm, when there is **NO ALLEGATION** that Tatiana, Sergey and Max Rybak participated in the alleged scheme in any way?

The request in the subpoena is for "[a]ll [d]ocuments and/or records in, either paper or electronic form …," and is not limited by or even tethered in any way to the allegations in the Amended Complaint. Compliance with the subpoena will require T-Mobile to produce **seven years** of phone records to the plaintiffs, whether or not they are related to the Amended Complaint in the slightest. Presumably, if T-Mobile is compelled to produce these records, the plaintiffs will receive records relating to communications about family events such as holidays, funerals and the best movies for the family to attend together on a particular Saturday night. And because Tatiana, Sergey and Max Rybak are not named in or even referred to in the Amended Complaint, there is no reason to think that the reams of records requested by the plaintiffs will lead to any evidence that is relevant to their claims.

In short, the T-Mobile subpoena served by the plaintiffs is clearly a "fishing expedition" of the kind prohibited by the applicable law. See Kingsway Financial Services, Inc., supra, at *5 (subpoena quashed because it was not limited to insurance policy at issue in the litigation); Catskill Development, LLC, supra, 206 FRD at 93 ("No fishing expeditions will be tolerated"). Having no evidence to support a claim that Tatiana, Sergey and Max Rybak were part of the elaborate scheme described in the Amended Complaint, the plaintiffs are hoping to find some by serving a blunderbuss subpoena on T-Mobile. But there really is no reason to think the subpoena – as broad as it is – will even turn up evidence of the sort the plaintiffs hope for, given the total absence of allegations about Tatiana, Sergey and Max Rybak in the Amended Complaint, and the miniscule possibility that the items subpoenaed will do more than demonstrate that Tatiana, Sergey and Max Rybak use their phones to communicate with each other and other members of their family, including Ms. Pavlova, who is Sergey's wife, Tatiana's daughter-in-law and Max's sister-in-law. The plaintiff's subpoena to T-Mobile is a "Hail Mary Pass" in the form of a "shot in the dark." The Court should quash the subpoena.

4

SERCARZ & RIOPELLE, LLP

## **INTERIM RELIEF**

The subpoena requests that T-Mobile produce the records requested "within fourteen (14) days of service." If T-Mobile complies with this demand, it may be required to produce the records sought as early as March 28, 2019. This gives the parties almost no time to brief the issues raised in this motion, and it gives the Court little time to consider the issues. For this reason, a temporary restraining order, directing T-Mobile not to produce any records until the Court has ruled on this motion to quash, is appropriate. If the Court is inclined to grant the application for a temporary restraining order, it may do so by executing this letter at the signature line below.

## **CONCLUSION**

For all the reasons stated herein, the Court should quash the subpoena served by the plaintiffs in this action to obtain telephone records from T-Mobile relating to non-parties Tatiana, Sergey and Max Rybak. The Court should also issue a temporary restraining order, directing T-Mobile not to respond to the subpoena attached to this letter motion as Exhibit A, until such time as the Court issues its ruling on the motion to quash made by Tatiana, Sergey and Max Rybak.

Very truly yours,

Roland G. Riopelle

Enc.

Cc: All Parties (By ECF)


Non-parties Tatiana Rybak, Sergey Rybak and Max Rybak (the "movants") having made a motion to quash the subpoena served on T-Mobile by the plaintiffs for telephone records of the movants, and the movants having made a motion for a temporary restraining order directing T-Mobile not to produce any materials in response to the plaintiffs' subpoena until the movants motion to quash is decided, and good cause appearing to grant the temporary restraining order requested by the movants,

IT IS ORDERED, that T-Mobile shall not produce any items in response to the subpoena dated March 14, 2019 served on it by the plaintiffs in this action seeking documents, records and other materials relating to Tatiana Rybak, Sergey Rybak and Max Rybak, until such time as the motion to quash said subpoena has been decided by this Court.

5

SERCARZ & RIOPELLE, LLP

      IT IS FURTHER ORDERED, that the movants shall serve a copy of this order on the T-Mobile subpoena compliance unit by fax or email transmission within 48 hours of the entry of this order.

      IT IS SO ORDERED:

_____
HON. STEVEN TISCIONE
U. S. M. J.