**Katten**
KattenMuchinRosenman LLP

525 W. Monroe Street
Chicago, IL  60661-3693
312.902.5200 tel
www.kattenlaw.com

JONATHAN L. MARKS
jonathan.marks@kattenlaw.com
312.902.5337 direct
312.577.1061 fax

June 28, 2019

**VIA ELECTRONIC FILING**

Magistrate Judge Steven L. Tiscione
United States District Court
225 Cadman Plaza East
Courtroom N504, Chambers Room N503
Brooklyn, NY 11201

>    **Re: State Farm v. Parisien, et al., No. 1:18-cv-00289-ILG-ST – Second Motion to Compel Professional Defendants' Discovery Responses**

Dear Magistrate Judge Tiscione:

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, the "State Farm Entities") ask this Court to compel the Professional Defendants[1] to (1) produce all documents responsive to Plaintiffs' First Set of Document Requests; (2) serve amended written responses to Plaintiffs' First Set of Document Requests; (3) serve amended and complete verified answers to Plaintiffs' First Set of Interrogatories; (4) amend responses to Plaintiffs' Second Set of Document Requests; (5) make medical records available for off-site copying; and (6) pay Plaintiffs' attorneys' fees and costs incurred in bringing this motion and the First Motion to Compel (Dkt. 80).[2]

More than a year ago, on April 19, 2018, the State Farm Entities served their First Set of Document Requests and First Set of Interrogatories on all Defendants. *See* Dkt. 80-1.  In June 2018, the Professional Defendants produced limited and incomplete documentation.  Defendants did not provide any written discovery responses.  The State Farm Entities filed their First Motion to Compel on July 13, 2018.  Dkt. 80.  The Court granted the Motion, and ordered that "Defendants will produce all outstanding discovery responses by September 14, 2018.  Failure to comply with this deadline will result in sanctions."  Dkt. 85; *see also* Ex. 1, 8/9/18 Hrg. Tr. at 6:23-7:4 (noting that if Professional Defendants did not comply with the deadline, the Court "will award sanctions in the amount of the plaintiffs' costs for the various motions to compel that have had to be made.").  On September 24, 2018, Defendants provided written discovery responses, but did not produce any additional documents.  On January 22, 2019, the State Farm Entities served their Second Set of Document Requests.  Ex. 2.  On May 16, 2019, Defendants provided written responses, but did not produce any additional documents.

---

[1] The "Professional Defendants" include Jules Parisien, M.D., JPF Medical Services, P.C., and PFJ Medical Care P.C.; Ksenia Pavlova, D.O., Allay Medical Services, P.C., and KP Medical Care P.C.; Frances Lacina, D.O., FJL Medical Services P.C., JFL Medical Care P.C. and RA Medical Services P.C.; Darren Mollo, D.C., Darren Mollo, D.C., P.C., ACH Chiropractic, P.C., Energy Chiropractic, P.C., and Island Life Chiropractic Pain Care, PLLC; Charles Deng, L.A.c., and Charles Deng Acupuncture, P.C.; Luqman Dabiri, M.D.; David Mariano, P.T.; and MSB Physical Therapy P.C.

[2] As this letter addresses multiple issues, it is most efficient to present them in a single submission.  It is respectfully requested that leave be granted to submit this motion although it exceeds the 3 pages allowed by Court rule.

To date, the Professional Defendants have failed to fully comply with their discovery obligations. While there have been numerous communications, they have not resulted in compliance. They have included requests by the State Farm Entities that the Professional Defendants produce materials, clarify their responses, and modify certain positions, the Professional Defendants' periodic assertions that they will address matters soon, and many unanswered e-mails and phone calls that have left the State Farm Entities with no choice but to bring these matters to the Court's attention. *See, e.g.*, Ex. 3, Correspondence and E-Mail Communications, October 2018-March 2019. A meet and confer was held on April 16, 2019, in which counsel discussed the outstanding document issues, as well as numerous interrogatories to which amended responses are appropriate. *See* Ex. 4, 4/19/2019 Letter A. Raven to M. Furman (the "April 19th Letter"). The State Farm Entities requested amended discovery responses and supplemental production by May 3, 2019. *Id*. At this point, despite numerous outreach attempts by the State Farm Entities and warnings that they would seek court intervention, the State Farm Entities have not received responses and have been unable even to arrange a phone call to discuss resolution. *See, e.g.*, Ex. 5, E-Mail Communications, May-June 2019.

Over a year has passed since Defendants' production was originally due, and over nine months have passed since the Court-ordered deadline to comply. As the Professional Defendants have failed to timely respond to State Farm's Discovery Requests, they are in violation of the Court's Order and the Federal Rules. "When a party fails to respond to discovery requests, Rule 37 permits the requesting party to apply for an order compelling disclosure or discovery." *Tangorre v. Mako's, Inc.*, 2002 WL 206988, at *3 (S.D.N.Y. 2002) (citing Fed. R. Civ. P. 37(a)). Rule 37 further authorizes the Court to impose sanctions when a party violates the Court's discovery order, and/or when a party fails to comply with discovery requests. Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d); *see also Tangorre*, 2002 WL 206988, at *5; *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) ("A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)").

The Professional Defendants should be ordered to take a number of steps.

*First*, the Professional Defendants should be ordered to produce **_by a date certain_** all documents they have agreed to produce, including many documents that the State Farm Entities have identified as missing from their production. *See* First Motion to Compel (Dkt. 80); April 19th Letter (identifying missing records including tax, bank, incorporation, equipment, and license documents, and billing data).

*Second*, the Professional Defendants should be ordered to provide **_by a date certain_** amended responses to the document requests. These amended responses must confirm more clearly that the Professional Defendants (1) have produced all documents responsive to particular document requests; (2) do not have any documents responsive to particular requests; or (3) have documents responsive to particular requests that are being withheld and the basis for withholding. It appears that the Professional Defendants may only be asserting objections and refusing to produce documents responsive to a small number of requests, and that as to all other requests they are either producing records or claim not to have records. The State Farm Entities have identified a number of instances in which it is unclear, and although they have repeatedly asked for clarification from defendants, none has been forthcoming.[3]

---

[3] For example, the Professional Defendants must (a) confirm whether they have any financial information (RFP Nos. 7 and 8); (b) revise responses to confirm that all leases have been provided (RFP No. 14); (c) confirm that all payments from Pavlova to Kings & Queens were lease payments (RFP No. 15); (b) indicate whether patient billing

2

*Third,* at present, it appears that there are only three categories of records for which the Professional Defendants have confirmed they have records but that they are refusing to produce them based on objections. These objections should be overruled and the Professional Defendants should be ordered to produce the requested records as follows:

a) <u>Telephone Records</u> (RFP No. 27/28) Defendants have refused to produce telephone records. However, such information is discoverable and highly relevant, especially given recent factual developments concerning telephone calls made to suppliers of DME which establish, for example, that Tatiana Rybak's phone was used to order supplies for the DME Defendants. Any potential privacy concerns can be addressed through use of the existing protective order. *See State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 156 (E.D.N.Y. 2005) (rejecting confidentiality and privacy arguments because "the parties are free to enter into confidentiality agreements preventing disclosure");

b) <u>Malpractice/Negligence</u> (RFP No. 30/31) Defendants should produce records regarding malpractice and negligence claims as such documents would be relevant, at minimum, to Defendants' history of rendering care, and motives to engage in fraud. Regardless of the ultimate admissibility of such documents, they are at minimum relevant for discovery; and

c) <u>Ownership Interests in Other Health Care Entities</u> (RFP No. 34/35) Defendants should produce documents regarding other health care businesses in which they have an ownership interest. Such records are relevant to the relationships among parties, sources of revenue that bear on motive, and who controlled the services that are at issue.

*Fourth*, the Professional Defendants should be ordered **<u>by a date certain</u>** to amend their response to Request 1 of the Second Set of Document Demands to confirm whether they have produced all responsive documents or are withholding any records. The request seeks records related to transactions involving the use of cash. Defendants appear to claim that they have produced all records, but the written response only references "checks" and discovery has revealed that a number of defendants used check cashiers and made payments to others who shortly thereafter withdrew large sums in cash.

*Fifth*, Luqman Dabiri, M.D. should be ordered to serve complete verified answers to Plaintiffs' First Set of Interrogatories, which have never been provided.

*Sixth*, all Professional Defendants should be ordered to serve amended interrogatory answers addressing all previously identified deficiencies.[4] Defendant David Mariano has refused to answer many interrogatories asserting that his business entity is not a defendant. But that is not a valid objection, as he must answer the interrogatories in his individual capacity, and should amend his responses to provide answers.

*Finally*, the Professional Defendants should be ordered to make the medical records they

---

data exists (RFP No. 19) and, if so, that it will be produced; (c) confirm that all documents regarding solicitations have been produced (RFP No. 21); (d) confirm that all diaries and calendars have been produced (RFP No. 33); and (e) confirm whether transcripts or summaries of transcripts exist in Defendants' possession, and produce any that do (RFP No. 38).

[4] Issues identified in the April 19th Letter include (a) Financial/Business Information (Interrogatories Nos. 1 & 6); (b) E-mails and Phone Numbers (Interrogatories Nos. 2 & 3); Ownership Interests (Interrogatory Nos. 4); Clinic Operational Information (Interrogatories Nos. 5, 7, & 14); Leases and Subleases (Interrogatories Nos. 8 & 9); Locations Patients Treated (Interrogatory No. 13).

are producing available to a neutral copying service for off-site copying. Defendants have indicated that they intend to produce roughly 80,000 pages of medical records.[5] The State Farm Entities propose that the production be picked up daily in small batches by a third-party vendor, Epiq eDiscovery Solutions, Inc.,[6] copied offsite at the vendor's location, and then returned each day. Defendants have refused to allow the files to be removed from the clinic location, and insist that the State Farm Entities have the copy service bring a copier to 1786 Flatbush and copy records on-site. Proceeding as Defendants demand, however, will take approximately 1½ months (approximately 30 business days). Alternatively, allowing small batches of records to be removed, copied and returned each day, can be completed in roughly one week and will cost less than half as much. Defendants do not appear to object to Epiq. Indeed, they appear willing to allow Epiq to operate a copier in their offices for a month and half. When pressed, Defendants have been unable to provide a compelling reason why they are unwilling to proceed as the State Farm Entities propose; there is no increased burden and, in fact, likely means a lesser burden on Defendants. The only explanation can be that they intend to impose on the State Farm Entities the greatest burden in expense and time possible. This Court has discretion under Rule 26(c) to issue orders protecting parties from undue burden or expense involved in the costs of discovery. *See, e.g., Clever View Investments, Ltd. v. Oshatz*, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) (ordering 60/40 split in production costs where party was facing onerous production costs; party "may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from undue burden or expense"); *see also* Dkt. 112 at 28 (Court ordering that "all discovery . . . should proceed on an expedited basis").

Accordingly, the State Farm Entities request that the Court order the Professional Defendants, **_by a date certain_**, to (1) produce all documents responsive to Plaintiffs' First Set of Document Requests; (2) serve amended written responses to Plaintiffs' First Set of Document Requests; (3) serve amended and complete verified answers to Plaintiffs' First Set of Interrogatories; (4) serve an amended response to Plaintiffs' Second Set of Document Requests; (5) make their production of patient records available for offsite copying; and (6) pay Plaintiffs' attorneys' fees and costs incurred in bringing this motion and First Motion to Compel (Dkt. 80).

Respectfully submitted,

*/s/ Jonathan L. Marks*

Jonathan L. Marks

---

[5] This estimate is based on Defendants' representation that the patient files they intend to produce consist of "16 boxes of files, each about the size of a box of photocopy paper which contain 10 reams each." Ex. 6, 6/4/2019 E-Mail Furman to A. Raven.

[6] Epiq is a global, reputable, neutral third-party vendor, providing various data and document services to law firms, corporations, financial institutions and government agencies from more than 80 offices worldwide, including court reporting, eDiscovery, and copying services.