**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

                               Plaintiffs,

                -against-

JULES PARISIEN, M.D.,
LUQMAN DABIRI, M.D.,
KSENIA PAVLOVA, D.O.,
NOEL BLACKMAN, M.D.,
FRANCES LACINA, D.O.,
ALLAY MEDICAL SERVICES, P.C.,
FJL MEDICAL SERVICES P.C.,
JFL MEDICAL CARE P.C.,
JPF MEDICAL SERVICES, P.C.,
KP MEDICAL CARE P.C.,
PFJ MEDICAL CARE P.C.,
RA MEDICAL SERVICES P.C.,
DARREN MOLLO, D.C.,
DARREN MOLLO D.C., P.C.,
ACH CHIROPRACTIC, P.C.,
ENERGY CHIROPRACTIC, P.C.,
ISLAND LIFE CHIROPRACTIC PAIN CARE, PLLC,
CHARLES DENG, L.A.C.,
CHARLES DENG ACUPUNCTURE, P.C.,
DAVID MARIANO, P.T.,
MSB PHYSICAL THERAPY P.C.,
MAIGA PRODUCTS CORPORATION,
MADISON PRODUCTS OF USA, INC.,
QUALITY CUSTOM MEDICAL SUPPLY, INC.,
QUALITY HEALTH SUPPLY CORP.,
PERSONAL HOME CARE PRODUCTS CORP., and
AB QUALITY HEALTH SUPPLY CORP.

                             Defendants.
-----------------------------------------------------------------X

                              **SUA SPONTE**
                              **REPORT AND**
                              **RECOMMENDATION**

                              18-CV-00289 (ILG) (ST)

**TISCIONE, United States Magistrate Judge:**

      State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State

Farm Fire and Casualty Company ("State Farm Fire")—whom I will collectively refer to as

1

"State Farm"—brought suit against the above-named Defendants alleging that Defendants submitted fraudulent claims for reimbursement for health care services. *See* Dkt. No. 5 (Amended Complaint) ("Am. Compl."). Defendants are divided into two categories— Professional Defendants and DME (short for "durable medical equipment") Defendants.[1] State Farm alleges that DME Defendants supplied durable medical equipment to patients at a fraudulently operated medical clinic based on prescriptions from the Professional Defendants. This Report and Recommendation arises from a series of discovery disputes between State Farm and DME Defendants. Since the suit was filed approximately one-and-a-half years ago, DME Defendants have not answered a single interrogatory or provided written responses to document requests. This Court has granted four Motions to Compel to no avail. Based on DME Defendants' failure to respond to court orders and discovery requests, I recommend that the Clerk of Court be directed to issue certificates of default against DME Defendants.

### A. Background

On January 19, 2018, State Farm filed an amended complaint alleging racketeering claims under 18 U.S.C. §§ 1962(c) and 1962(d), common law fraud, and unjust enrichment. *See* Dkt. No. 5. State Farm alleges that Defendants engaged in a scheme to defraud involving a fraudulently operated medical clinic at 1786 Flatbush Avenue ("1786 Flatbush") in Brooklyn, New York. State Farm seeks to recover money that Defendants fraudulently obtained through the submission of bills for examinations, treatment, testing, injections, and durable medical equipment provided to individuals who were involved in motor vehicle accidents and were eligible for "No-Fault Benefits"[2] under State Farm Mutual or State Farm Fire insurance policies. Am. Compl. ¶ 1. The submitted bills were allegedly fraudulent because the medical services were not eligible for reimbursement, were not provided, and/or were not medically necessary.

---

[1]    The "DME Defendants" include: (1) Maiga Products Corporation; (2) Madison Products of USA, Inc.; (3) Quality Health Supply Corp.; (4) Personal Home Care Products Corp.; and (5) AB Quality Health Supply Corp.

[2]    Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law § 5101, et seq.) and the regulations promulgated thereto (11 N.Y.C.R.R. § 65, et seq.) (colloquially referred to as "No-Fault" laws), automobile insurers must provide benefits for "basic economic loss" resulting from injuries "caused by the operation of a motor vehicle."

*Id.*

State Farm alleges that DME Defendants played a critical role in the alleged fraud. DME Defendants are interrelated companies purportedly owned by separate individuals, at least some of whom are foreign nationals, claiming to supply durable medical equipment to patients at 1786 Flatbush based on prescriptions from the defendant healthcare providers. *See* Am. Compl. ¶¶ 38–43, 209, 218. State Farm alleges that DME Defendants provided medically unnecessary supplies to patients at 1786 Flatbush, fraudulently inflated their charges for the supplies, and provided and billed more expensive orthotics to fill generic prescriptions. *Id.* at ¶¶ 209, 218, 219.

State Farm served their First Set of Document Requests and First Set of Interrogatories to DME Defendants on April 19, 2018. *See* Dkt. No. 83 (Motion to Compel DME Defendants' Discovery), at 2. Responses were due on May 21, 2018. *Id.* Following DME Defendants' failure to respond, State Farm moved to compel discovery. *Id.* On August 9, 2018, the Court ordered DME Defendants to "produce all outstanding discovery responses by October 5, 2018." Dkt. No. 85 (Minute Order for Motion Hearing). Despite the Court's directive, DME Defendants failed to produce written responses to State Farm's discovery requests by the deadline.[3]

In response, State Farm again moved the Court to compel discovery. *See* Dkt. No. 106. Following a hearing on the record, the Court granted the Second Motion to Compel and ordered DME Defendants to respond to discovery requests by February 1, 2019. *See* Dkt. No. 114 (Minute Order for Motion Hearing held on 11/28/2018) ("Min. Order 11/28"). The Court warned that the February 1 deadline was a "hard deadline" and if DME Defendants failed to comply the Court would "impos[e] sanctions." Dkt. No. 115 (Transcript of Proceedings held on November 28, 2018); *see also* Min. Order dated Nov. 30, 2018 ("Defendants shall provide outstanding discovery responses no later than February 1, 2019 or the Court will impose

---

[3]    DME Defendants did produce some documents in response to State Farm's discovery requests. State Farm argued in its Second Motion to Compel that the provided documents represented "only a small fraction of what was requested" and "without any written responses to the discovery it was not possible to know the full extent of what documents were being withheld." Dkt. No. 106.

sanctions.").

Just like before, DME Defendants did not provide discovery responses by the court-imposed deadline. State Farm filed a Third Motion to Compel on February 13, 2019. *See* Dkt. No. 123. In that filing, State Farm requested: (1) compliance with their First Set of Document Requests and First Set of Interrogatory Requests by a "date certain"; (2) reasonable attorneys' fees and costs incurred in bringing the successive motions to compel; and (3) a warning that a "failure to provide complete discovery required by the order could result in case-terminating sanctions and entry of default against [DME Defendants]." *Id.* at 3. The Court granted State Farm's Third Motion to Compel. *See* Dkt. No. 128. The Court ordered DME Defendants "to produce all outstanding discovery responses no later than May 10, 2019 . . . ." Dkt. No. 128 (Minute Order for Motion Hearing held on March 7, 2019). The Minute Order stated, "[f]ailure to comply with these deadlines will result in this Court recommending that default judgments be issued against non-complying Defendants for failure to defend." *Id.*

Just two days before the May 10 deadline, counsel for DME Defendants asked for another extension of time. *See* Dkt. No. 139 (Fourth Motion to Compel), at 1. State Farm agreed to consent to an extension, with the understanding that the discovery would be provided prior to depositions that were scheduled for May 31, 2019. *Id.* State Farm requested all discovery responses prior to the close of business on May 21, 2019. *Id.* DME Defendants did not file responses by the May 21 deadline, nor did they provide responses in time for the May 31 deposition. *See id.*; Dkt. No. 144 (Motion for Default Judgment), at 2. On May 31, 2019, the Court granted DME Defendants' Fourth Motion to Compel. *See* Minute Order dated May 31, 2019. The Order stated:

> DME Defendants shall provide complete responses to Plaintiffs' document requests and interrogatories by June 3, 2019. Failure to comply with this deadline will result in sanctions up to and including recommending that default judgments be issued against non-complying defendants for failure to defend. Plaintiff is awarded costs, including attorneys' fees, incurred in bringing this motion.

Minute Order dated May 31, 2019.

On June 24, 2019, State Farm filed a Motion for Sanctions against DME Defendants. *See*

Dkt. No. 144.  State Farm maintained that, at the time, the "DME Defendants still [had] not provided any written discovery responses, requested any extensions, or communicated with the State Farm Entities in any way."  *Id.* at 2.  In their Motion for Sanctions, State Farm insists that "[d]efault judgment is appropriate[]" based on DME Defendants' "violation of numerous discovery deadlines and Court Orders[.]"  *Id.* at 1.  State Farm argues that this Court should enter default judgment because: (1) DME Defendants have acted willfully in refusing to comply with court-ordered discovery deadlines; (2) the Court has provided "more than adequate notice" with respect to the deadlines; and (3) lesser sanctions have proven ineffective.  *Id.* at 2–3.

The Court held a hearing on July 17, 2019.  *See* Dkt. No. 161 (Minute Order for Motion Hearing held on 7/17/2019).  In the Minute Order, the Court stated,

> Defendants Maiga Products Corp., Madison Products of USA, Inc., Quality Health Supply Corp., Personal Home Care Products Corp. and AB Quality Health Supply Corp. have failed to comply with numerous discovery requests and Court Orders. At the hearing, counsel for Defendants represented that his clients no longer seek to defend this case and understand that a default judgment will be issued. Accordingly, the Court will recommend that a default judgment be entered against these entities.

Dkt. No. 161.

### B. Analysis

Following DME Defendants' abdication of their discovery obligations, State Farm seeks a default judgment under Rule 37 of the Federal Rules of Civil Procedure.  Rule 37(b) states that if a party "fails to obey an order to provide or permit discovery" a court may enter "further just orders" including "rendering a default judgment against the disobedient party[.]"  Fed. R. Civ. P. 37(b)(2)(A).  Rule 37 is the "primary, though not the exclusive, mechanism for enforcing a court's discovery orders."  *Martinez v. City of New York*, 330 F.R.D. 60, 65 (E.D.N.Y. 2019).

District courts are afforded "'broad discretion in fashioning an appropriate sanction' to address discovery-related abuses."  *Roberts v. Bennaceur*, 58 F. App'x 611, 614 (2d Cir. 2016) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)).  "Certain Rule 37 remedies—dismissing a complaint or entering judgment against a defendant— are severe sanctions, but they may be appropriate in 'extreme situations,' as 'when a court finds

5

willfulness, bad faith, or any fault on the part of the' noncompliant party." *Id.* (quoting *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450–51 (2d Cir. 2013) (other citation omitted)).

Four factors guide this Court's discretion in assessing the proper sanction for discovery violations: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of . . . noncompliance." *Baez v. City of New York*, No. 16-CV-6340 (ENV) (VMS), 2019 WL 2249893, at *2 (E.D.N.Y. May 24, 2019) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). This court considers each factor "in light of the full record in the case." *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 264 (S.D.N.Y. 2015).

   *1. DME Defendants Have Acted Willfully*

It is clear that DME Defendants have acted willfully by repeatedly failing to respond to discovery deadlines. DME Defendants are aware of the lawsuit, as they have answered the complaint and participated in hearings before this Court. *See* Dkt. Nos. 32–36; *see also Castillo v. Zishan, Inc.*, No. 16-CV-6166 (JGK), 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding willfulness in default judgment proceeding where litigant answered complaint and participated in litigation, yet failed to comply with court orders or appear at hearing). State Farm filed its First Set of Interrogatories and First Set of Document Requests in April 2018. *See* Dkt. Nos. 83-4, 83-5. In the intervening fifteen months, DME Defendants have only provided limited documentation, while completely refusing to answer a single interrogatory or provide written responses to document requests. DME Defendants have been aware of the relevant court-imposed deadlines prior to their passing, as DME Defendants have repeatedly asked for extensions of time, even though they never ultimately complied when extensions were granted. *See Agiwal*, 555 F.3d at 303 (affirming finding of willfulness where "[litigant's] communications with the Magistrate Judge and opposing counsel indicate that he understood the Magistrate Judge's discovery orders and realized that timely compliance was expected" but nonetheless

6

defied all orders).  Thus, based on DME Defendants' willful conduct in violation of court-ordered discovery deadlines, this factor weighs in favor of finding default judgment appropriate.

### 2.  *Lesser Sanctions Would be Inefficacious*

Based on the sanctions that have already been imposed in this case, as well as the repeat warnings of case-ending sanctions, this Court is confident that default judgment is appropriate. As early as November 2018, this Court warned that DME Defendants shall comply with the discovery deadlines "or the Court will impose sanctions."  Dkt. No. 114.  In March 2019, the Court warned DME Defendants that their "[f]ailure to comply with these deadlines will result in this Court recommending that default judgments be issued" against them.  Dkt. No. 128.  Finally, in May 2019, the Court granted State Farm's Fourth Motion to Compel and awarded "costs, including attorneys' fees, incurred in bringing [the] motion."  Order dated May 31, 2019.  On that date, the Court reiterated its warning that default judgment would be issued if DME Defendants failed to comply with discovery deadlines.  *Id.*  In short, DME Defendants have made it clear that they will not comply with any of the discovery deadlines imposed by the Court, so any sanction short of default judgment would be "an exercise in futility."  *Urbont v. Sony Music Entm't*, No. 11-CV-4516 (NRB), 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (finding lesser sanction than default would not be efficacious where defendant did not participate in discovery despite repeatedly being warned that failure to do so would result in sanctions including dismissal); *see also Chowdhury v. Hamza Exp. Food Corp.*, 308 F.R.D. 74, 83 (E.D.N.Y. 2015) (finding lesser sanction than default would not be efficacious where defendants failed to satisfy their court-ordered discovery obligations despite previous sanctions for non-compliance).  Thus, because lesser sanctions would not be efficacious, this factor also weighs in favor of finding default judgment appropriate.

### 3.  *The Duration of Non-Compliance Favors Default*

DME Defendants have failed to comply with their discovery obligations over the course of fifteen months.  Following DME Defendants' failure to respond to State Farm's First Set of Interrogatories and First Set of Document Requests, the Court granted State Farm's *first* Motion

to Compel nearly one year ago.  Since that time, the Court has granted *three* additional Motions to Compel.  This period of non-compliance is more than sufficient to warrant default judgment.  *See Local Union*, 88 F. Supp. 3d at 265–66 ("durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions . . . [a]nd periods of six months or more weigh even more heavily toward such remedies") (collecting cases).  Given the year-plus period of noncompliance, this factor weighs in favor of finding default judgment appropriate.

 4.  *DME Defendants Have Been Warned*

Finally, DME Defendants "cannot credibly argue that they were not sufficiently warned that serious sanctions were imminent."  *Local Union*, 88 F. Supp. 3d at 267 (brackets omitted).  As detailed more fully above, DME Defendants were notified starting in November 2018 that the Court would impose sanctions if they did not provide discovery by the ordered deadlines, and they were warned twice this year that their failure to comply would result in default judgment.  *See* Dkt. Nos. 114, 128; Order dated May 31, 2019.  Furthermore, State Farm filed a Motion for Sanctions seeking default judgment.  *See* Dkt. No. 144.  Similar warnings have been found sufficient prior to default judgment.  *See Local Union*, 88 F. Supp. 3d at 266 (finding sufficient warnings when the Court alerted defendants of the possibility of default twice and the plaintiff filed a motion seeking default judgment); *Chowdhury*, 308 F.R.D. at 84 (finding three warnings of sanctions sufficient for default where two of the warnings explicitly warned of striking the pleadings).  Thus, because DME Defendants have been warned of serious sanctions, this final factor also weighs in favor of finding default judgment appropriate.

 **C.  Conclusion**

All four of the *Agiwal* factors favor the entry of default judgment.  As such, this Court respectfully recommends striking DME Defendants' answers, Dkt. Nos. 32–36, directing the Clerk of Court to issue certificates of default against DME Defendants: Maiga Products Corporation, Madison Products of USA, Inc., Quality Health Supply Corp., Personal Home Care Products Corp., and AB Quality Health Supply Corp., and permitting State Farm to move for default judgment within forty-five days of the issuance of the certificates of default.

8

**D. Objections to this Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
          /s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       December 2, 2019

9