UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | ) ) ) ) Case No. 1:18-cv-00289 |
| Plaintiffs, | ) ) ) Hon. I. Leo Glasser |
| v. | ) ) Magistrate Judge Steven Tiscione |
| Francois Jules Parisien, M.D. et al., | ) ) |
| Defendants. | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS MAIGA PRODUCTS CORP., MADISON PRODUCTS OF USA, INC., QUALITY HEALTH SUPPLY CORP., PERSONAL HOME CARE PRODUCTS CORP., AND AB QUALITY HEALTH SUPPLY CORP.**

**TABLE OF CONTENTS**

                                                                                                                                                    **Page**

I.     BACKGROUND ...................................................................................................................1

II.    ANALYSIS...........................................................................................................................3

III.   CONCLUSION....................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,*
   779 F.3d 182 (2d Cir. 2015)..................................................................................................2

*Century Sur. Co. v. Euro-Paul Constr. Corp.,*
   2017 WL 4338790 (E.D.N.Y. Sept. 29, 2017) .......................................................................2

*City of N.Y. v. Mickalis Pawn Shop, LLC,*
   645 F.3d 114 (2d Cir. 2011)...................................................................................................2

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,*
   973 F.2d 155 (2d Cir. 1992)...................................................................................................2

*Long Island Hous. Servs. v. Greenview Props., Inc.,*
   2008 WL 150222 (E.D.N.Y. Jan. 11, 2008) ..........................................................................2

*Palma-Castillo v. New Tacolandia Inc.,*
   2011 WL 7092652 (S.D.N.Y. May 9, 2011) ........................................................................3

I.  **BACKGROUND**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Civil Rule 55.2 and the Court's Order of December 23, 2019 [Dkt. 221], Plaintiffs State Farm Mutual Automobile Insurance Company ("State Farm Mutual") and State Farm Fire and Casualty Company ("State Farm Fire," and together with State Farm Mutual, "Plaintiffs") respectfully move the Court to enter a default judgment against defendants Maiga Products Corp., Madison Products of USA, Inc., Quality Health Supply Corp., Personal Home Care Products Corp., and AB Quality Health Supply Corp. (collectively, the "Defaulting Defendants") as to the Second Amended Complaint [Dkt. 181].

On January 19, 2018, Plaintiffs filed the Amended Complaint against numerous defendants, including the Defaulting Defendants. Dkt. 5. After the Defaulting Defendants failed to participate in the case, Plaintiffs moved for sanctions, seeking a default judgment against them. At a hearing on July 17, 2019, Magistrate Judge Tiscione granted Plaintiffs' motion for sanctions, noting that counsel for the Defaulting Defendants represented at the hearing that "his clients no longer seek to defend the case and understand that a default judgment will be issued." Dkt. 161. Accordingly, Judge Tiscione ruled that he would "recommend that a default judgment be entered against" the Defaulting Defendants. *Id.*

On August 28, 2019, Plaintiffs filed the Second Amended Complaint against defendants, including the Defaulting Defendants. The Second Amended Complaint alleges seven causes of action against the Defaulting Defendants — common-law fraud (Count One), aiding and abetting fraud (Count Two), violations of RICO under 18 U.S.C. § 1962(c) and (d) (Counts Three and Four), unjust enrichment (Count Five), and for judgments declaring that the bills submitted by the Defaulting Defendants that have not been paid to date and through the pendency of this litigation for the claims at issue are not entitled to any coverage for No-Fault benefits because the

bills were fraudulent and because each of the Defaulting Defendants failed to appear for examinations under oath in breach of the applicable insurance policies (Counts Six and Seven).

On December 2, 2019, Magistrate Judge Tiscione issued sua sponte recommendations that the clerk enter certificates of default against the Defaulting Defendants for failing to respond to Court orders and Plaintiffs' discovery requests. Dkt. 211. On December 16, 2019, the Defaulting Defendants filed a motion to dismiss the Second Amended Complaint. Dkt. 217. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), the Defaulting Defendants had 14 days from the date of the report and recommendation to file objections to it. After that deadline expired, on December 19, 2019, two of the Defaulting Defendants — Quality Health Supply Corp. and AB Quality Health Supply Corp. — filed an objection to Magistrate Judge Tiscione's report and recommendation. Dkt. 220. None of the other three Defaulting Defendants filed an objection to the report and recommendation.

On December 23, 2019, this Court adopted Magistrate Judge Tiscione's report and recommendation in its entirety. Dkt. 221. The Court noted that the objection submitted by Quality Health Supply Corp. and AB Quality Health Supply Corp. was untimely "with no explanation for the delay[,]" and that the other three Defaulting Defendants did not file an objection. *Id.* at 8661. The Court also found no clear error in Magistrate Judge Tiscione's report and recommendation that defaults be entered. *Id.* The Court then directed the Clerk of Court to issue certificates of default against the Defaulting Defendants, and advised that "Plaintiffs may move for default judgment within forty-five days of the issuance of the certificates of default." *Id.* The Clerk of Court issued certificates of default against the Defaulting Defendants on

2

December 27, 2019. Dkt. 222. Default judgments against the Defaulting Defendants are now appropriate.[1]

## II. ANALYSIS

Pursuant to Rule 55, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). Because the Clerk has entered defaults against each Defaulting Defendant, each is deemed to have admitted all of Plaintiffs' well-pleaded allegations pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). For entry of default judgment, the court must find that the admitted factual allegations establish liability as a matter of law. *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *Century Sur. Co. v. Euro-Paul Constr. Corp.*, 2017 WL 4338790, at *3 (E.D.N.Y. Sept. 29, 2017).

The factual allegations pleaded establish the appropriateness of a judgment against each Defaulting Defendant. Specifically, the Second Amended Complaint sufficiently pleads that (a) the Defaulting Defendants each are liable for common-law fraud, aiding and abetting fraud, violations of RICO pursuant to 18 U.S.C. § 1962(c) and (d), and unjust enrichment, and (b) that judgments should be entered against each of the Defaulting Defendants declaring that the bills submitted by the Defaulting Defendants that have not been paid to date and through the

---

[1] Pursuant to Local Rule 55.2, Exhibit A hereto contains the Clerk's Certificates of Default entered against each Defaulting Defendant; Exhibit B hereto is a copy of the summons and Second Amended Complaint served on each Defaulting Defendant; and Exhibit C hereto is a proposed form of default. Plaintiffs will also submit proof that they mailed this Motion and all supporting papers to each Defaulting Defendant's last known address or their counsel of record.

3

pendency of this litigation for the claims at issue are not entitled to any coverage for No-Fault benefits because the bills were fraudulent and because each of the Defaulting Defendants failed to appear for examinations under oath in breach of the applicable insurance policies. *See, e.g.*, Second Am. Compl. ¶¶ 357–391.

The Second Amended Complaint also alleges the Defaulting Defendants and the other defendants are jointly and severally liable. While a default judgment as to liability may be entered now, Plaintiffs do not seek a calculation of damages or a judgment in a specific damages amount against any Defaulting Defendant at this time. However, Plaintiffs request they be permitted to do so when the claims against all defendants named in these counts are resolved. *See Long Island Hous. Servs. v. Greenview Props., Inc.*, 2008 WL 150222, at *1 (E.D.N.Y. Jan. 11, 2008); *Palma-Castillo v. New Tacolandia Inc.*, 2011 WL 7092652, at *2 (S.D.N.Y. May 9, 2011). If default judgment is entered as to the Defaulting Defendants, Plaintiffs would thus defer seeking a hearing on damages and entry of a final judgment as to damages until claims against the remaining defendants are resolved.

### III.   CONCLUSION

Accordingly, Plaintiffs request the Court enter default judgments as to liability against each of the Defaulting Defendants on the common-law fraud, aiding and abetting fraud, civil RICO and RICO conspiracy, and unjust-enrichment counts (Counts One, Two, Three, Four, and Five), and that judgments be entered against each of the Defaulting Defendants declaring that the bills submitted by the Defaulting Defendants that have not been paid to date and through the pendency of this litigation for the claims at issue are not entitled to any payment for No-Fault benefits because the bills were fraudulent and because each of the Defaulting Defendants failed to appear for examinations under oath in breach of the applicable insurance policies (Counts Six

and Seven). As to claims asserted against any Defaulting Defendant in Counts One, Two, Three, Four, and Five, Plaintiffs further request that the Court order they be held jointly and severally liable.

Dated: February 10, 2020

                Respectfully submitted,

By: /s/ Jonathan L. Marks
    Ross O. Silverman
    Jonathan L. Marks
    Anne Raven
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
    Chicago, IL 60661
    Telephone: 312.902.5200
    Facsimile: 312.902.1061
    ross.silverman@katten.com
    jonathan.marks@katten.com
    anne.raven@katten.com

    Christopher T. Cook
    KATTEN MUCHIN ROSENMAN LLP
    575 Madison Avenue
    New York, NY 10022
    Telephone: 212.940.6488
    christopher.cook@katten.com

    *Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 10, 2020, I served the Notice of Motion, Memorandum in Support and Exhibits on defendants Maiga Products Corp., Madison Products of USA, Inc., Quality Health Supply Corp., Personal Home Care Products Corp., and AB Quality Health Supply Corp. via first-class mail at the following addresses:

Andrew S. Fisher
Fisher & Fisher
127 Great Kills Road
Staten Island, NY 10308

*Attorney for Quality Health Supply Corp.*
*and AB Quality Health Supply Corp.*

Maiga Products Corp.
c/o Maiga Borisevica
100 Church Street
8th Floor
New York, NY 10007

Madison Products of USA, Inc.
c/o Oleksander Semenov
747 3rd Avenue
2nd Floor
New York, NY 10017

Personal Home Care Products Corp.
c/o Valentyna Diker
2609 East 14th Street
Brooklyn, NY 11235

                                            By:    /s/ Jonathan L. Marks
                                                                Attorney for Plaintiffs